[No. 9710.   Department One. — October 7, 1887.]

IN THE MATTER OF THE ESTATE OF MICHAEL DOYLE, DECEASED.

EVIDENCE — INTRODUCTION OF — FAILURE TO OBJECT TO — APPEAL. — Where a party fails to object to the introduction of evidence upon the trial in the court below, an objection to its admissibility cannot be raised for the first time upon appeal.

ESTATE OF DECEDENT — CONTEST OF PROBATE OF WILL — WRITTEN OPPO- SITION — FAILURE OF PROPONENT TO FILE ANSWER TO — EFFECT OF. — Where the written opposition to the petition for the admission of a will to probate simply controverts the material averments contained in the petition, a failure on the part of the proponent to file an answer thereto, as provided by section 1312 of the Code of Civil Procedure, is not an admission of the allegations in the written opposition that the will was not made, signed, or published by the deceased; and a finding on such a contest that the will was properly executed is not a decision "against law," within the meaning of section 656 of the Code of Civil Procedure, for which a new trial may be had.

ID. — PETITION AND CONTEST — SUFFICIENCY OF ISSUES FRAMED BY — FAILURE OF CONTESTANT TO OBJECT TO. — A petition for the probate of the will of a decedent was filed by the executor named therein, to which written grounds of objection were served and filed. The contest was tried on the mutual assumption by all the parties that a direct issue was framed by the contradictory averments of the petition and opposition. *Held*, that an objection that the denial was insufficient could not be raised for the first time upon appeal, and that the contestant was estopped from claiming that no issue was raised between him and the proponent in the manner provided by section 1312 of the Code of Civil Procedure.

ID. — MISAPPLICATION OF LAW TO FINDINGS OF FACT — ADVANTAGE OF, HOW TAKEN. — Where all the material issues made by the pleadings are determined by the findings, and the findings are not attacked as unsustained by the evidence, a party cannot demand a new trial upon the ground that the court erroneously applied the law to the facts, or drew the wrong conclusion of law from the facts found. The remedy in such case is by appeal from the judgment.

ID. — FINDINGS — ADMISSIONS IN THE PLEADINGS. — Facts admitted by the pleadings should be treated as found; and if the court finds adversely to the admissions, such finding should be disregarded in determining the question whether the proper conclusion of law was drawn from the facts as found and admitted by the pleadings.

APPEAL from an order of the Superior Court of the city and county of San Francisco refusing a new trial.

The facts are stated in the opinion of Mr. Justice McKinstry.

*R. Percy Wright*, for Appellant.

*H. C. Newhall*, for Respondent.

McKINSTRY, J. — A petition for the admission to probate of an instrument as the last will and testament of Michael Doyle, deceased, was presented to the Superior Court by William R. Doyle, named as executor therein.

Richard Doyle, brother of deceased, filed his written opposition to the probate, stating, as ground of opposition, that "the deceased did not make, sign, publish, or declare, as his last will," the instrument propounded.

No demurrer was interposed to the written opposition, nor was any written answer thereto filed or served.

The Superior Court tried "the contest," and decided and adjudged that the instrument offered for probate was the last will and testament of said Michael, deceased; that it was executed in all respects as required by law; that the testator, at the time of its execution, was of sound and disposing mind, and not acting under any undue influence, fraud, or duress; and the court ordered that the will be admitted to probate.

No appeal was taken from the judgment or order admitting the will to probate. The contestant, Richard Doyle, moved for *a new trial of the contest*, and has appealed from an order denying his motion.

Section 1312 of the Code of Civil Procedure provides, in effect, that when an opposition is filed and served, the petitioner for probate, or others interested in the estate, may demur to the opposition, or may answer the contestant's grounds, traversing the same, etc.; and that any issue of fact thus raised must, if requested by either party in writing, be tried by jury; otherwise, by the court.

The petition filed by proponent was sufficient, and under its averments he would have been authorized to prove (had there been no contest) that the deceased did "make, sign, publish, and declare, as his last will," the instrument offered. (Code Civ. Proc., sec. 1308.) The petition, therefore, is to have the same effect as if it had expressly averred that the will offered was made, signed, and published as the last will of the deceased.

There was, then, in the petition, an allegation that the deceased *did*, and in the opposition an allegation that deceased did *not* make, sign, and publish the instrument as his last will.

Appellant claims that a new trial should have been granted by the Superior Court, because its decision was "against law," within the meaning of section 656 of the Code of Civil Procedure; that the failure of petitioner to deny, by written answer, the allegation of the written opposition was an admission that the allegation was

true. (Code Civ. Proc., sec. 1312.) It is insisted that the decision of the Superior Court, that the deceased *did* " make, sign, publish," etc., being contrary to proponent's admission that deceased did *not* sign, etc., was " against law."

As we have seen, a direct issue was made by the averment in the petition that the will was executed and published as prescribed by law, and the averment in the opposition that it was not so executed or published. It may be doubted whether the section 1312, which provides that an answer "may" be made to the written opposition, requires such answer when the opposition merely denies an averment implied in every sufficient petition for the probate of a will.

It may also be very seriously doubted whether the Superior Court could base a decision against the beneficiaries under the will upon the failure of the *executor* to deny that a will, whereby he had been appointed executor (and which he had asked to have admitted to probate upon petition, expressly or impliedly averring that it was duly executed and published), was not duly made and published.

But we do not find it necessary to rest the decision of this appeal upon the determination of the question suggested by either of such doubts.

1. The bill of exceptions included in the transcript shows that on a certain day, "*no objection being made,* the court proceeded to try said contest on probate of said will; E. J. Hutchinson, Esq., appearing for Richard Doyle, the contestant and plaintiff; H. C. Newhall, Esq., appearing for William R. Doyle, petitioner and defendant; and J. Howard Smith appearing for absent heirs; and testimony having been offered *in support of said will,* and on the part of contestant in opposition thereto, and the court being *satisfied from said testimony* that said will should be admitted to probate, the court thereupon made its order admitting the said will to probate."

It appears from the bill that at the trial of the contest, the course which we believe to be the usual course, and which is one to which the contestant certainly could not object, was pursued,—that is, the petitioner made the *prima facie* proof that the will was executed in the manner prescribed by law, and that testator was of sound mind,—and the contestant then introduced evidence in support of his ground of opposition to the probate. No objection was made by contestant to testimony in support of the petition for probate; and contestant himself, treating the case as if the averment in his opposition were sufficiently denied by the pleading on the part of the petitioner, offered and put in testimony in support of his written grounds of opposition. For aught that appears, the petitioner then introduced evidence to meet that given on behalf of contestant. Upon the testimony so given on behalf of the petitioner and contestant respectively, the Superior Court decided the contest. If the appellant is right in his contention, no evidence was admissible upon the part of the petitioner. A party cannot for the first time in this court object *on any ground* to evidence which was introduced by the adverse party at the trial in the court below without objection being made thereto. (*Scott* v. *Sierra Lumber Co.*, 67 Cal. 75; *Bliss* v. *Ellsworth*, 36 Cal. 300.) Where evidence is not objected to in the court below, because not admissible under the averment of a pleading, it is too late to raise the objection in the Supreme Court. (*Scott* v. *Sierra Lumber Co.*, *supra; Hutchings* v. *Castle*, 48 Cal. 152; *Henry* v. *Southern Pacific R. R. Co.*, 50 Cal. 176.)

The contestant not only made no objection to the testimony offered on behalf of the petitioner, but introduced evidence in support of the allegations in his written opposition. He did not move for judgment on the pleadings, nor did he in any way call the attention of the court to what is now called the admission by petitioner of everything charged in the opposition. Sec-

tion 1312 of the Code of Civil Procedure does not, except by inference, limit the time within which the written opposition may be answered; but if it must be answered within ten days, here the contest was tried by mutual assent ("without objection") the *day after* the written opposition was filed. Had the objection now urged been made by contestant, there can be no doubt, if it was necessary to make an issue, the court would have allowed the petitioner to file an answer forthwith, or have given him time to file an answer denying the allegations of the written opposition. This would accord with the view expressed in *Stringer* v. *Davis*, 30 Cal. 318; *Clark* v. *Phœnix Ins. Co.*, 36 Cal. 175, and *Scott* v. *Sierra Co.*, *supra*. The case was tried upon the assumption of all the parties in the court below that the material allegations of the contestant's pleading were denied. It has been repeatedly held, under such circumstances, that the point that the denial was insufficient cannot be first made in this court. (*Cave* v. *Crafts*, 53 Cal. 141.) In the case before us, as we have seen, there was direct issue made by the contradictory averments of the petition and the opposition, the one averring, in legal effect, that the will was duly executed and declared, the other averring that it was not duly executed or declared. The *contest* was made known by formal written allegations, was understood by the court and parties, and was tried without objection. The appellant ought not to be heard to say that there was no issue made up between him and the respondent in the exact manner provided by the code.

2. But if the petitioner were entirely correct in his positions in other respects, it would not follow that the court below erred in denying him a "new trial." If the admission, by failure to deny, is to be treated as evidence that the fact alleged existed, there was no motion for a new trial on the ground that the evidence did not

justify the finding, and no specification of deficiency in the evidence.

If, however, the admission in the pleadings is to be treated as having other and greater effect than an admission at the trial of a fact denied by the pleadings, still a "new trial" was properly refused.

It is here insisted there was no issue as to the execution and publication of the will, and therefore there should have been a new trial. Of what issue? We are unable to understand how there could be a trial or new trial — an examination or re-examination — of an issue which never existed.

"A new trial is a re-examination of an issue of fact in the same court." (Code Civ. Proc., sec. 656.)

When a trial is had by the court without a jury, a fact admitted by the pleadings should be treated as "found." It has been repeatedly held that the court need not expressly find a fact averred in the pleading of one party and not denied by the other. If the court does find adversely to the admission, such finding should be disregarded in determining the question whether the proper conclusion of law was drawn from the facts found and admitted by the pleadings. The mere finding by the court against an averment not denied does not create an issue which a party has a right to have tried. Here the appellant asked for a second trial of a suppositive issue, on the ground that there was no issue which the court had right or power to try the first time.

Where all the material issues made by the pleadings are determined by the findings, and the findings are not attacked as unsustained by the evidence, a party cannot demand a new trial upon the ground the court erroneously applied the law to the facts, or drew the wrong conclusion of law from the facts found. The remedy in such case is by appeal. The code does not contemplate or provide for a new trial or "re-examination" of issues of fact, the findings upon which are indisputably cor-

rect.   Nothing to the contrary was decided by a majority
of this court in *Simmons* v. *Hamilton*, 56 Cal. 493.   In
his dissenting opinion in the case last cited Mr. Justice
Ross said: "Since a new trial is a re-examination of a
question of fact, where all such issues are correctly
found upon, I am unable to find any authority for a 're-
examination' of such facts, — in other words, for a new
trial, or to see any necessity therefor."

In *Martin* v. *Matfield*, 49 Cal. 45, Justice Rhodes said:
"A new trial is a re-examination of an issue of fact; and
when a new trial is granted, the finding is set aside, and
of course the judgment resting upon it must fall.   But
the question whether the judgment is authorized by the
pleadings or findings cannot be agitated on a motion for
a new trial, *for it is not involved in a re-examination of the
issues of fact.*   The code has provided other and suffi-
cient modes for the determination of both branches of
that question; and it is very clear that the question
whether the issues of fact were correctly found does not
depend in any manner on the question whether a plead-
ing states sufficient facts to entitle a party to the relief
granted by the judgment, or whether the issues as found
sustain the judgment."

We fully concur with Justices Rhodes and Ross that
a new trial cannot be granted on the ground that the
judgment (or the conclusion of law on which the judg-
ment is founded) is not authorized by the findings of
fact.

The rule must be the same where, as the appellant
claims is the case here, the material allegations in the
pleading of one party are not denied by the other.   In
such case the facts alleged must be assumed to exist.
Any finding adverse to the admitted facts drops from
the record, and any legal conclusion which is not upheld
by the admitted facts is erroneous.   An order purport-
ing to direct a new trial would be a vain thing, since any
further action of the court must end in the same result;

that is, the facts now admitted will then be admitted. If after the order there would be any issue to try, it would be because the order granting a "new trial" would have the effect of declaring—not by its terms, but as its legal result—that the failure of petitioner to deny any of the averments of the opposition *denied* them by implication. But the order was asked on the ground that the petitioner had not denied them.

. If the decision of the court was not supported by the facts admitted by the pleadings, the remedy of the contestant was to appeal from the order admitting the will to probate. He was not in a position to demand a "new trial" in the court below.

Order affirmed.

PATERSON, J., concurred.

TEMPLE, J., concurring.—I concur. The provisions of the code with reference to contesting probate of wills are very peculiar. The enumerated grounds of contest all consist in merely negativing the allegations of jurisdictional facts which the petitioner is bound to aver and prove. All these facts must be found and certified by the court, whether there be a contest or not. The burden of establishing them would naturally be on the petitioner. Yet the statute provides that, in the case of a contest, the contestant shall be plaintiff and the petitioner defendant, thus compelling the contestant to assume the affirmative. The contest need not cover all the jurisdictional facts; still the court must find upon all. Evidently it is not contemplated that the evidence given upon the trial of the contest should be all the evidence submitted. Section 1317, Code of Civil Procedure, provides that the court shall be satisfied from the proof taken, or from the facts found by the jury. Now, the contest may include all the facts which the court is required to certify to upon admitting the will to probate.

If upon a trial of a contest before a jury the contestant offered no evidence, since the burden of proof is upon him, the jury would be compelled to find all the facts against him and in favor of the petitioner. In that case the court, if the contest is all there is before the court, might base the probate entirely upon findings made in the absence of proof. This was certainly never intended.

The same procedure is made applicable to a contest after the will has been admitted to probate, as before. In both, the contestant has the laboring oar, as though he is attacking something which he must overcome by affirmative proof. Under such circumstances, I think the theory of the statute must be, that the contest begins after the petitioner has made his *prima facie* case. In such case the burden would naturally be on the contestant, and all the provisions consistent and harmonious.

In case there is no contest, the petitioner is still required to introduce evidence to establish all the jurisdictional facts. If a contest is inaugurated and the allegations of the contestant are not denied, there is no provision for a default. In fact, considering the nature of the proceeding, and that the usual case is, that there are minors or absent heirs, we should be surprised if anything was taken by default and without proof. When, therefore, the allegations of the contestant are not denied, the petitioner first makes his proof, and then the contestant proceeds, without the presence of the petitioner, to establish his grounds of contest. If he fail in this, the will will be admitted to probate, although no issue was made by denying his ground of contest. On the other hand, if, having heard the proof on the part of the petitioner, the court is then prepared to refuse probate of the will, there would be no occasion to try the contest.