[L. A. No. 5227. Department One.—December 14, 1917.]

In the Matter of the Estate of WILLIAM A. SMITH, Deceased. W. A. SNYDER, Respondent, v. D. O. DOBSON et al., Appellants.

ESTATES OF DECEASED PERSONS—CONTEST OF WILL—TRIAL—ORDER OF PROOF—DISCRETION OF COURT.—The trial court may direct the order of proof in its discretion and may, on the trial of a will contest, require the proponents to make formal proof of the execution of the will, before requiring the contestant to prove that he is an interested party, and may on the refusal of the proponent to make such proof deny admission of the will to probate.

ID.—CONTEST OF WILL—DENIAL OF PROBATE—NONSUIT—FINDINGS UNNECESSARY.—In such case, the action of the trial court in denying probate is equivalent to a nonsuit, and the making of findings is unnecessary.

APPEAL from an order of the Superior Court of Kern County. Howard A. Peairs, Judge.

The facts are stated in the opinion of the court.

Earl E. Moss, for Appellants.

J. W. Wiley, and Wiley & Lambert, for Respondent.

SHAW, J.—D. O. Dobson and Sarah J. Henderson filed a petition for the probate of a document alleged to be the last will of William A. Smith, deceased. Thereafter W. A. Snyder filed a contest of said will, on the ground that the same was not duly executed by the decedent. Upon the hearing the proponents, Dobson and Henderson, who are the appellants here, moved the court to require the contestant to prove that he was an interested party entitled to maintain a contest of the will, before proceeding further in the case. Snyder moved the court to require the proponents to first make the formal proof of the execution of the will. The court granted the latter motion and directed the appellants to proceed first with their formal proof. This they refused to do, and thereupon refused to offer any proof whatsoever of the due execution of the will. The contestant then moved the court to deny the admission of the will to probate. The court granted the motion and, as we infer, made an order accordingly, from which the proponents appeal. The order appealed from is not a part of the record, as the code requires. (Code Civ. Proc., sec. 951.) We gather the above facts from the notice of appeal and from the undisputed statements of the respondents' brief.

There is no merit in the appeal. The court may direct the order of proof in such cases, and in its discretion could require the proponents of the will to introduce their evidence of its execution before proceeding with the contest. (*Estate of Latour*, 140 Cal. 437, [73 Pac. 1070, 74 Pac. 441]; *Estate of Cullberg*, 169 Cal. 365, [146 Pac. 888].) The court having so ordered, and the appellants thereupon refusing to introduce any testimony, the court could not do otherwise than to deny the probate of the document offered as a will. Though the court had power to require that the contestant first prove his interest in the estate, it was not bound to do so. (*Estate of Land*, 166 Cal. 540, [137 Pac. 246].)

No findings were necessary to support the order complained of. It was not a decision upon facts, but practically a nonsuit for want of any evidence. Under the circumstances the question whether or not the contestant had sufficiently alleged that he was interested in the estate is immaterial.

The order is affirmed.

Sloss, J., and Lawlor, J., concurred.