[S. F. No. 11390.  In Bank.—August 23, 1926.]

In the Matter of the Estate of FRANK M. BLACK, Deceased. STATE OF CALIFORNIA, Respondent, v. SEWARD M. ESTABROOK et al., Appellants.

[1] ESTATES OF DECEASED PERSONS — WILL CONTEST — PETITION FOR PROBATE—DETERMINATION OF ISSUES.—Upon proceedings for the probate of a will involving both a contest of the will and a petition for probate, the court is not at liberty, upon a preliminary and formal showing of due execution, to finally determine upon its merits any of the issues raised by the contest, but is limited to a determination of whether or not a *prima facie* case has been established in favor of the validity of the will, sufficient to warrant the submission of the case to a jury.

[2] ID.—JURY TRIAL—SECTION 1312, CODE OF CIVIL PROCEDURE.—Inasmuch as section 1312 of the Code of Civil Procedure guarantees to either party litigant the right to a trial by jury upon any of the issues raised by a will contest, issues must be submitted to a jury for its determination, when demanded by a party, unless there is such a dearth of evidence that the granting of a motion for nonsuit would be proper.

---

(1) 40 Cyc., p. 1318, n. 44, p. 1320, n. 56, p. 1321, n. 64, p. 1323, n. 77.  (2) 38 Cyc., p. 1557, n. 18 New; 40 Cyc., p. 1320, n. 56, p. 1321, n. 64, 66, 68.

APPEAL from an order of the Superior Court of the City and County of San Francisco denying probate of a will. Frank H. Dunne, Judge. Reversed.

---

1.  See 26 Cal. Jur. 1077.
2.  See 26 Cal. Jur. 1103.

The facts are stated in the opinion of the court.

Joseph E. Bien and Frederick Olds for Appellant.

U. S. Webb, Attorney-General, Frank L. Guerena, Deputy Attorney-General, and L. B. Browne, for Respondent.

THE COURT.—Appeal from an order denying probate of the last will and testament of Frank M. Black, deceased. The will was offered for probate by the joint executors named therein. An opposition to the probate of the will was filed by the attorney-general of the state upon the theory that as Frank Black had no known relatives, if the will were overthrown the property would escheat to the state and that therefore the state was an interested party. A trial by jury was demanded by the proponents of the will and a jury was duly impaneled and sworn.

The court ruled, upon motion by the contestant, that the proponents of the will should make preliminary proof of the due execution of the will. For this purpose the two subscribing witnesses to the will, William H. Kroning and Dr. Mullen, were called by the proponents of the will. Mr. Kroning, the attorney who drew the will, testified that all of the legal formalities requisite to the due and proper execution of a will had been complied with and that in his opinion the testator at the time of the execution of the will was competent to execute it. Dr. Mullen, assistant medical superintendent of Agnews, the state hospital for the insane, at which place the will was executed, testified that although he had been a witness both to the will and to Frank Black's mark, yet in his opinion Black, at the time of the execution of the will was incompetent to make a will. In this behalf he testified that, at the time of the execution of the will, Black was an inmate at Agnews, having voluntarily presented himself for treatment at that institution; that at that time and for some time previous thereto he was suffering from paresis, or softening of the brain, and that he died as a result of said disease the day after the execution of the will.

Relying upon the testimony of Dr. Mullen, and ignoring the testimony of Mr. Kroning, the trial court held that Black was incompetent to make the will at the time he was

alleged to have executed it; refused to permit the case to go to a jury upon the issue of Black's competency; refused the petition for the probate of the will, and also refused to hear further evidence upon the question of Black's competency.

Appellants contend that in view of the conflict of evidence as to the competency of the decedent, the trial court did not have the right to withhold the question of the competency of the decedent from the jury and decide the entire case upon a mere preliminary showing involving the due execution of the will, upon the testimony of one only of the subscribing witnesses, without going into the merits of the case and without hearing the testimony of three other witnesses who were also present at the time of the execution of the will and who were ready in court to testify. In this behalf appellants insist that having adduced evidence upon the preliminary showing sufficient to obviate the possibility of the granting of a nonsuit or a motion for a directed verdict for their opponents upon a trial of the contest of the will, they were entitled by virtue of section 1312 of the Code of Civil Procedure to have the case go to the jury upon the question of the competency of the deceased to make a valid will and testament.

Section 1312 of the Code of Civil Procedure provides that, "If any one appears to contest the will, he must file written grounds of opposition to the probate thereof, and serve a copy on the petitioner and other residents of the county interested in the estate, any one or more of whom may demur thereto, upon any of the grounds of demurrer provided for in part two, title six, chapter three of this code. If the demurrer is sustained, the court must allow the contestant a reasonable time, not exceeding ten days, within which to amend his written opposition. If the demurrer is overruled, the petitioner and others interested may jointly or separately answer the contestant's grounds, traversing, or otherwise obviating or avoiding the objections. Any issues of fact thus raised, involving: 1. The competency of the decedent to make a last will and testament . . . *must*, on request of either party in writing . . . be tried by a jury. . . ." (Italics ours.)

It is respondent's theory, however, that the proceedings had not progressed to the point of a trial of the contest, that only a hearing of the petition for a probate of the will had

been had, and that until a trial of the contest was commenced the proponents of the will were not entitled to have the issues raised by the contest submitted to a jury for determination.

Respondent relies for support of this theory upon those cases in California which hold that upon a contest of a will before probate there are two separate proceedings pending before the court: (1) The petition for the probate of the will and (2) the contest of the probate of the will. (*Estate of Relph*, 192 Cal. 451, 458 [221 Pac. 361]; *Estate of Latour*, 140 Cal. 414 [73 Pac. 1070, 74 Pac. 441]; *Estate of McDermott*, 148 Cal. 43, 49 [82 Pac. 842]; *Estate of Cullberg*, 169 Cal. 365 [146 Pac. 888]; *Estate of Cartery*, 56 Cal. 470; *Estate of Gregory*, 133 Cal. 131, 136 [65 Pac. 315]; *Estate of Dalrymple*, 67 Cal. 444 [7 Pac. 906]; *Estate of Doyle*, 73 Cal. 564 [15 Pac. 125]; *Estate of Gharky*, 57 Cal. 274.) From the holding of these cases, respondent apparently reaches the conclusion that the two proceedings are wholly independent of each other and are in fact two separate trials of the case upon its merits; that in one proceeding the court is the judge of the facts, that in the other proceeding upon the same issues the jury is the judge of the facts, and that if in either proceeding the findings are against the proponents of the will, the will must be denied probate.

An analysis of the cases, however, discloses the fact that the cases just cited do not proceed upon the theory that the two proceedings are independent trials of the issues involved. Rather they proceed upon the theory that the hearing of the petition for the probate of the will is supplementary to and in aid of the hearing upon the contest. That the hearing upon the petition for probate is supplementary to the contest is indicated by the fact that if the hearing upon the petition be postponed in the discretion of the trial court until after the hearing upon the contest, then the court need only hear evidence as to those acts requisite to constitute the execution of a valid will which were not raised by the contest. (*Estate of Cartery, supra.*) And it seems to be the theory of those cases wherein the hearing upon the petition for probate preceded the hearing of the contest that the duty of the trial court was not to proceed to determine the case upon its merits but to deter-

mine whether sufficient evidence had been adduced by the proponents of the will to warrant the submission of the issues to a jury. (*Estate of Cullberg, supra.*) In arriving at a solution of this question, it seems to us that the general rule as to the granting of a motion for a nonsuit may well be applied. (See *Estate of Babcock,* 67 Cal. App. 309 [227 Pac. 657].) That is to say, if enough evidence has been introduced by the proponents of the will that a verdict of a jury in favor of the validity of the will would necessarily be upheld on appeal, then sufficient evidence has been adduced to warrant the submission of the case to the jury for its decision.

Moreover, the theory that the two proceedings are independent trials of the same issues does not seem to be compatible with the oft-cited and frequently reiterated rule that the order of procedure upon the hearing of the petition for probate and the trial of the contest of the will is within the discretion of the trial court. Some of the cases cited hold that the better practice is to withhold the hearing of the petition for probate until after the trial of the contest of the will in which event, as above indicated, the court need only hear evidence on all the points required by the statute for the validity of a will which were not raised by the contest. (*Estate of Cartery, supra; Esate of Dalrymple, supra.*) Other cases hold that the better practice is to require the proponents of a will to establish a *prima facie* case preliminarily to the hearing of the contest. (*Estate of Cullberg, supra; Estate of McDermott, supra.*) Other of the cases simply hold that it is a matter entirely within the discretion of the trial court. (*Estate of Relph, supra.*)

Upon the theory advanced by respondent it follows that the right of the proponents of a will to a trial by jury depends upon the discretion of the trial court as to the order of procedure of proof. If the hearing of the petition for probate be postponed until after the trial of the contest, the proponents of a will will be entitled to a jury trial of the issues raised by the contest; if the petition for probate be first heard, the trial court may by denying probate of the will preclude the proponents from having a trial by jury of the issues raised by the filing of the pleadings in the contest of the will. It would scarcely seem proper that a

party's right to a trial by jury should be dependent upon the discretion of the trial court in the order of the procedure of proof.

It may also not be amiss to point out that if the two proceedings be deemed to be two separate trials an anomalous situation may well arise. Upon the contest of the will the determination of the issues is for the jury if a jury is demanded. Upon the hearing of the petition for the probate of the will, the determination of the issues is for the court alone. (*Estate of Relph, supra.*) It might well happen that if the hearing of the contest precede the hearing of the petition for probate the jury, upon the trial of the contest, upon a conflict in evidence might bring in a verdict upholding the validity of the will and the court upon the hearing of the petition for probate upon the same issue involved in the contest arrive at a diametrically opposite conclusion. A deadlock as to the admission to probate of the will would be inevitable.

[1] We are satisfied that upon proceedings for the probate of a will involving both a contest of the will and a petition for probate the court is not at liberty, upon the preliminary and formal showing of due execution, to finally determine upon its merits, any of the issues raised by the contest but is limited to a determination of whether or not a *prima facie* case has been established in favor of the validity of the will, sufficient to warrant the submission of the case to a jury. [2] Inasmuch as section 1312 of the Code of Civil Procedure guarantees to either party litigant the right to a trial by jury upon any of the issues raised by the contest, it seems to us that the issues should be submitted to a jury for its determination unless there is such a dearth of evidence that the granting of a motion for a nonsuit would be proper.

Of course when a party having the burden of affirmatively proving an issue fails to introduce any substantial evidence in support of that issue a nonsuit is proper. Such was the situation in *Estate of Gunther, ante,* p. 119 [248 Pac. 514]. Such, however, is not the situation here. In the instant case sufficient evidence was introduced on behalf of the proponents of the will to support a finding of the jury in their favor that the testator at the time of the execution

of the will was competent to make and execute a valid will. It seems, therefore, that sufficient evidence was adduced to warrant the submission of the questions at issue to a jury.

Judgment is reversed.