[S. F. No. 18503. In Bank. July 29, 1952.]

JEAN SWIFT et al., Petitioners, v. SUPERIOR COURT OF THE CITY AND COUNTY OF SAN FRANCISCO et al., Respondents.

Anthony S. Devoto for Petitioners.

Charles R. Collins, Morrison, Hohfeld, Foerster, Shuman & Clark and George F. Clinton for Respondents and Real Parties in Interest.

SPENCE, J.—Petitioners seek a writ of prohibition to restrain the Superior Court of the City and County of San Francisco, sitting without a jury, from taking any further proceedings with regard to the issues raised by their petition for probate of a "lost or destroyed will" and the answers filed thereto. They contend that the record presents a contest of the alleged will, entitling them to a jury trial of the issues so framed. We conclude from an analysis of the applicable law that their position is sustained.

On March 21, 1951, petitioners filed a petition for the probate of an alleged fraudulently destroyed will of Thomas R. Creely, deceased. A copy of the document alleged to be the last will and testament of the deceased was annexed to the petition. (Prob. Code, §§ 350, 351.) They claimed that prior to the deceased's death, and without his knowledge or consent, a niece had stolen the will from him and fraudulently destroyed it. The hearing was set for April 12, 1951.

Certain heirs at law or next of kin of the deceased filed answers denying many allegations of the petition, including soundness of mind, lack of duress, fraud or undue influence, due execution and existence of the instrument, its fraudulent destruction, and the contents thereof, and praying that the purported will be denied probate. On the day first set for the hearing, petitioners made an oral request and also filed a written demand for a jury trial of the issues of fact raised by this opposition to the will's probate. On April 26, 1951, the day to which the hearing had been continued, the probate judge refused petitioners' demand and announced his intention to proceed with the hearing without a jury. Thereafter this petition was filed to prohibit him from so doing.

While the code sections dealing with the probate of a lost or destroyed will (Prob. Code, §§ 350-352) make no mention either directly or indirectly of a jury trial, section 371 of the Probate Code guarantees either party to a will contest a jury trial of issues involving competency of the testator, freedom from duress, menace, fraud or undue influence, due execution and attestation of the will, or "any other question substantially affecting the validity of the will." Section 371 contains no language confining this guarantee of a jury trial to contests of produced wills. It must follow, therefore, that a jury trial of the issues provided for in section 371, if demanded, is also guaranteed in those cases involving contests of lost or destroyed wills:

It is contended that the "answers" to the petition for probate do not constitute a "contest" of the will. This contention cannot be sustained. Section 370 of the Probate Code provides that: "Any person interested may contest the will by filing written grounds of opposition to the probate thereof at any time before the hearing of the petition for probate, . . ." In order to give any effect to these "answers," they must be deemed "written grounds of opposition."

The probate of wills is purely a matter of statutory regulation (Prob. Code, § 301 et seq.), and there is no provision in the code for an answer to a petition for probate of a will. To the contrary, the petition for probate is a proceeding *in rem*, and in a sense ex parte, in which an answer is not contemplated. (*Estate of Latour*, 140 Cal. 414, 437 [73 P. 1070, 74 P. 441]; *Estate of Relph*, 192 Cal. 451, 458-459 [221 P. 361].)

The real parties in interest here rely upon language in the cases pointing out the normal procedure for contest-

ing a will (*Estate of Latour, supra,* 140 Cal. 414, 437; *Estate of Gharky,* 57 Cal. 274, 279; and *Estate of Renton,* 3 Cof. 519, 522), and also upon the language of section 370 of the Probate Code providing for pleadings to the contest. It may be conceded that the "answers" herein are not the ordinary form of pleading filed in a "contest" under said section 370. However, a similar pleading was held to be a contest in *Estate of Doyle,* 73 Cal. 564 [15 P. 125], and we conclude that this must be the result here where the real parties in interest, who filed the "answers" and now oppose the petition herein, treat their pleading as proper and sufficient for some purpose.

In arriving at this conclusion, we are called upon to determine a matter which the court in *Estate of Doyle, supra,* found unnecessary to decide. There the written opposition consisted in an averment (p. 565) that " 'the deceased did not make, sign, publish, or declare, as his last will,' the instrument propounded." There, as here, "No demurrer was interposed to the written opposition, nor was any written answer thereto filed or served." The court tried the "contest," and determined that the offered instrument was the last will and testament of the deceased and that it was valid in all respects. On appeal, the court held (73 Cal. 567) that: ". . . a direct issue was made by the averment in the petition that the will was executed and published as prescribed by law, and the averment in the opposition that it was not so executed or published." In dealing with the failure of the proponent to file an answer to the written opposition, the court stated, also at page 567: "It may be doubted whether the section 1312 [now Prob. Code, § 370], which provides that an answer 'may' be made to the written opposition, requires such answer when the opposition merely denies an averment implied in every sufficient petition for the probate of a will." The presence of another ground for the decision in the Doyle case made it unnecessary for the court to resolve this doubt.

Section 370 of the Probate Code continues to use the permissive words "may demur" and "may answer" which were found in former section 1312 of the Code of Civil Procedure. We conclude that an answer or a demurrer to the contest is not required in such a situation as is presented in the instant case. The averments of the petition and the "answers" thereto denying the allegations of the petition constitute a contest of the will, and petitioners are entitled

to a jury trial of the issues so framed. (Prob. Code, § 371.)

It is then contended that, even assuming the "answers" constitute a contest, the trial court should not be prohibited from proceeding without a jury to hear the preliminary proof in support of the petition for probate.

 In regard to this matter of procedure, it should be pointed out here that although the instant case involves an alleged fraudulently destroyed will, the procedure must be substantially the same as that followed in cases involving produced wills. As was aptly stated in *McCormick* v. *Jernigan,* 110 N.C. 406 [14 S.E. 971] : "The only difference between the probate of a will which can be produced and one which has been lost is as to the nature and quantity of the evidence required to prove it."

There is some confusion in the cases concerning the procedure to be followed when there is a petition for probate of a will and a contest thereof. This is the result of our statutory provisions which have been referred to as "somewhat peculiar" (*Estate of Latour, supra,* 140 Cal. 414, 421) and as "very peculiar" (*Estate of Doyle, supra,* 73 Cal. 564, 572). As is pointed out by Mr. Justice Shaw in the opinion rendered on the application for rehearing in the Latour case, *supra,* page 437: "The hearing of these two proceedings [petition for probate and the contest] must come at the same time, and it is this circumstance which causes the confusion about the proper method of procedure." The frequently stated rule that the matter of the order of proof in such a case rests in the sound discretion of the trial court (*Estate of Relph, supra,* 192 Cal. 451, 459-460; see discussion in *Estate of Black,* 199 Cal. 257, 261 [248 P. 1015]), and the concept of two separate proceedings, (1) the petition for the probate of the will and (2) the contest of the will, have not been helpful in eliminating such confusion.

 In *Estate of Black, supra,* 199 Cal. 257, the cases were analyzed and the law concerning the separate proceedings concept was clarified. It was pointed out therein (199 Cal. 260) that: ". . . the cases . . . do not proceed upon the theory that the two proceedings are independent trials of the issues involved. Rather they proceed upon the theory that the hearing of the petition for the probate of the will is *supplementary to* and *in aid of* the hearing upon the contest." (Emphasis added.)

If the trial court, in its discretion, is allowed to proceed with the hearing of the preliminary proof in support of

the petition for probate in the absence of a jury, two separate proceedings will necessarily result. It will then frequently happen that evidence introduced by the proponents upon the hearing of the preliminary proof before the court alone will have to be repeated before the jury, as such evidence is often material in the consideration of the issues raised by the contest.

On the other hand, nothing is to be gained in leaving to the trial court's discretion the determination that the contest be tried before the hearing of the preliminary proof. If this procedure is followed, the situation may arise where the jury will find for the proponents on the issues raised by the contest, while the trial court might thereafter conclude that a material matter, not placed in issue by the contest, is not established on the hearing of evidence supporting the petition for probate. These considerations clearly indicate that the interrelated proceedings must be heard at the same time.

In the interest of establishing a definite rule of procedure to be followed under such circumstances, we believe that it is appropriate for this court to declare that when a will is contested before probate and either party demands a jury trial of any issue as to which the right to a jury trial exists (Prob. Code, § 371) the trial court cannot proceed with any phase of the hearing in the absence of a jury but must impanel a jury at the outset. Thereupon, the proponents of the will must make a prima facie showing that the will was executed in all particulars as required by the Probate Code.

There is language in some of the cases such as *Estate of Relph, supra,* 192 Cal. 451, 459-460; *Estate of Smith,* 176 Cal. 729, 730 [171 P. 289]; *Estate of Cartery,* 56 Cal. 470, 473; and in the opinions filed in *Estate of Latour, supra,* 140 Cal. 414, 420-421, 435, 437, 438-439, which, in dealing with matters of procedure, is inconsistent with the views expressed herein; and to the extent that this and similar language found in other cases is inconsistent, it is disapproved. Such disapproval is in line with the views expressed in *Estate of Black, supra,* 199 Cal. 257. Furthermore, it seems appropriate to mention the fact that we are not here called upon to deal with the question of the ultimate burden of proof on the issues raised by the negative averments of a contestant, which was the main question

before the court and upon which the court was divided in *Estate of Latour.*

■■ In the instant case, the prima facie showing must include evidence that there was a will (with proof of its contents by at least two credible witnesses) which was fraudulently destroyed prior to the testator's death and without his knowledge. (Prob. Code, § 350.) If the proponents fail to make such prima facie showing, the court can properly deny the petition for probate and dismiss the contest, but the court must bear in mind the holding of *Estate of Black, supra,* 199 Cal. 257, wherein it is stated at page 262: "We are satisfied that upon proceedings for the probate of a will involving both a contest of the will and a petition for probate the court is not at liberty, upon the preliminary and formal showing of due execution, to finally determine upon its merits, any of the issues raised by the contest but is limited to a determination of whether or not a *prima facie* case has been established in favor of the validity of the will, sufficient to warrant the submission of the case to a jury."

Here, as we have seen, although the pleadings are inartfully drawn, direct issues are raised by the petition and the "answers" as to the existence of the alleged will and its due execution, its contents, its fraudulent destruction in decedent's lifetime without his knowledge, the soundness of decedent's mind, and the presence or absence of fraud, duress, or undue influence. ■■ Since all of these issues are either mentioned specifically in section 371 of the Probate Code, or are "questions substantially affecting the validity" of this alleged fraudulently destroyed will as provided therein, petitioners are entitled to have all of them submitted to the jury unless upon the preliminary proof of the will there is "such a dearth of evidence that the granting of a motion for a nonsuit would be proper." (*Estate of Black, supra,* 199 Cal. 257, 262.)

■■ A question is also raised as to the propriety of petitioners' demand for a jury trial because of an asserted failure to comply with the Rules for Superior Courts. (33 Cal.2d 1.) Reference is made to rule 6, providing for a memorandum to set civil cases, and rule 18, regulating the procedure to be followed by a party desiring a jury trial "where the right thereto is not guaranteed by law." Since section 371 of the Probate Code guarantees a jury trial of the issues raised by the contest, rule 18 is obviously inapplicable here.

Nor can petitioners' failure to follow the procedure outlined in rule 6 be relied upon to maintain the claim that they had waived a jury trial. It is sufficient to point out that the memorandum to set civil cases for trial pertains to the placing of the ordinary cause on the court calendar. In the present case, however, the petition for probate was already on the court calendar, having been set for hearing under the applicable statutory provisions. (Prob. Code, §§ 327 and 328.) Written opposition thereto could have been filed "at any time before the hearing of the petition for probate" (Prob. Code, § 370), and such written opposition was so filed. It is not disputed that on the day first set for hearing, petitioners made an oral and a written demand for a "trial by jury of the issues of fact raised by the written opposition herein to the probate of said alleged destroyed will." This was a sufficient demand for a trial by jury, and, under the circumstances here, petitioners were not required to go further and perform the idle act of filing a memorandum to set in order to insure their right to a jury trial.

It is ordered that a peremptory writ issue, prohibiting the probate court from proceeding with the hearing in the absence of a jury, but without prejudice to the court's power to determine in the first instance the sufficiency of petitioners' prima facie showing in support of the will as hereinabove indicated.

Gibson, C. J., Shenk, J., Edmonds, J., Carter, J., Traynor, J., and Schauer, J., concurred.