556

Estate of THOMAS R. CREELY, Deceased. LILLIAN J. McKENNA et al., Appellants, v. M. CLEVELAND ROCHE, as Administrator, etc., Respondent.

Anthony S. Devoto for Appellants.

Charles R. Collins for Respondent.

WOOD (Fred B.), J.—During the pendency of appellants' application to prove a will of Thomas R. Creely, deceased, which they alleged had been fraudulently destroyed, M. Cleveland Roche was appointed administrator of Creely's estate.   Some months later while appellant's application to prove the will was still pending (see *Swift* v. *Superior Court,* *(Cal.App.) 235 P.2d 624, †(Cal.) 241 P.2d 217, and 39

*A hearing was granted by the Supreme Court on November 19, 1951.
†A rehearing was granted by the Supreme Court on April 3, 1952. The final opinion of that court is reported 39 Cal.2d 358.

Cal.2d 358 [247 P.2d 6]), Roche filed his first account and report as administrator.

Appellants, as legatees under the destroyed will, filed objections to the following items of the account: (1) the administrator's request for the allowance of his claim for $6,600 for services rendered decedent prior to his death, (2) a request for a finding that the loss to the estate of a certain automobile occurred without fault of the administrator, and for an order exculpating him from any personal liability to the estate in respect thereto, and (3) a request for the allowance of fees to the administrator's attorney for ordinary and extraordinary legal services rendered.

In support of their objections, appellants alleged that "in the event said alleged fraudulently destroyed will is hereafter admitted to probate, affiant and said legatees hereinabove mentioned intend to, and will, contest each and every one of the . . . items hereinabove set forth; that, therefore, it would be injurious, damaging and prejudicial to affiant and said legatees for this Court to hear and determine said matters at this time and before the rights of affiant and said legatees, under said alleged fraudulently destroyed will, are determined."

They invoked section 352 of the Probate Code which declares that if, before or pending an application to prove a lost or destroyed will, letters of administration are granted on the estate of the testator, or letters testamentary of any previous will of the testator are granted, "the court may restrain the administrators or executors, so appointed, from any acts or proceedings which would be injurious to the devisees or legatees claiming under the lost or destroyed will."

At the hearing of the administrator's first account and report, appellants appeared by counsel and objected to the probate court hearing and determining any of the three items mentioned. The court stated that appellants had a right then and there to be heard. Their counsel took the position that they had no standing until after admission of the will to probate, saying "they have no right to come in here but they have a right to stop your Honor from passing upon those matters until the question of the lost or destroyed will is determined," to which the court responded: "Let us hear the testimony." The administrator then took the witness stand and was examined at some length concerning the various items of the account. Thereupon the court asked counsel for the appellants if he wanted to ask any questions. He replied

"No, I just want the record to show that we object to your Honor hearing and determining three matters," specifying the three items above mentioned.

Subsequently, the probate judge filed an order allowing Roche's $6,600 claim, exculpating him from personal liability for the loss of the automobile, and allowing his attorney $1,000 on account of ordinary services rendered. That is the order involved upon this appeal.

The order must be affirmed. The trial court correctly interpreted and applied the statute.

When the statute says that if an administrator is appointed pending an application to prove a lost or destroyed will "the court may restrain" the administrator from any acts or proceedings "which would be injurious" to the devisees or legatees claiming under the will, the meaning seems too clear to require any words of exposition. ■ Obviously, it was designed to implement two policies: the policy of conserving and administering the property of the estate and the policy of giving the proponents of the will their day in court to establish it and the prevention meanwhile of the doing of anything injurious to their interests. Consonant with those policies the statute gives the probate court authority to restrain the doing of such injurious acts and accords the beneficiaries under the alleged will an opportunity to invoke such remedial action by the court upon a proper showing.

■ Appellants were given every opportunity to show that the allowance of the administrator's claim, the allowance of his attorney's fees, and his release from potential liability for the loss of the automobile, were "acts or proceedings which would be injurious to the . . . legatees claiming under the lost or destroyed will," but failed, indeed deliberately refused, to tender any evidence on the subject. They are in no position now to complain of the order made. It is supported by substantial evidence.

The order appealed from is affirmed.

Peters, P. J., and Bray, J., concurred.

Appellants' petition for a hearing by the Supreme Court was denied April 30, 1953.