268 P.2d 973

### In re REGALDO'S ESTATE.

### VOTA et al. v. HEFFERNAN et al.
### No. 5781.

Supreme Court of Arizona.
April 5, 1954.
Rehearing Denied April 27, 1954.

Carl D. Hammond, Kingman, for appellants.

Frank X. Gordon, Kingman, for appellees.

WINDES, Justice.

Jennie T. Regaldo departed this life on December 6, 1951, leaving a last will and testament dated September 6, 1951, devising her entire estate to James L. Heffernan and Ann C. Heffernan, husband and wife, and naming the former executor without bond. The named executor, hereinafter referred to as petitioner, petitioned for probate of the will and appointment of himself as executor. Decedent's surviving brother and sister, Michele Vota and Domenica Vota Airola, residents of Italy, hereinafter designated contestants, filed an opposition to the probate of the will on the ground that the will was executed as the result of undue influence exercised on the decedent by the beneficiaries. The petitioner for probate of the will alleged that the decedent at the time of the execution of the will was not acting under undue influence but he filed no answer to the contestants' allegation of undue influence. The case was tried by the court without a jury, and judgment was rendered declaring the will valid and appointing James L. Heffernan executor thereof without bond. Contestants appeal.

Contestants submit nine assignments of error but essentially they present only two questions: whether the court was warranted in permitting petitioner to submit evidence in refutation of that submitted by contestants on the question of undue influence without filing an answer to contestants' opposition to probate; and whether, assuming the court was justified in so doing, the evidence is such as to compel the trial court to find that the will was executed because of the undue influence claimed by contestants.

It is provided by section 38–210, A.C.A.1939, that when an opposition to the probate of a will is filed, the petitioner may demur and if the same is overruled, he may answer the contestant's grounds and that the issue of fact thus raised must on demand of either party be tried by a jury; otherwise, the court shall try the issues. The trial court was of the view that since petitioner affirmatively alleged no undue influence and contestants alleged the contrary, the issue as to its existence was raised and petitioner was not required to file an answer to the contest. Our view is that the statute contemplates the filing of an answer and the forming of issues for trial concerning the validity of the will as an adversary proceeding wherein contestant is plaintiff and petitioner is defendant separate from the allegations in the petition for probate, but the irregularity of trying such questions in the manner here under consideration does not require reversal unless prejudice results therefrom. Appellate procedure is to correct possible injuries resulting from the lower court's decisions. If technical error in procedure has not interfered in the application of the substantive rules of law which correctly measure the

rights of the parties litigant, we will not reverse. Article 6, section 22, constitution of the state of Arizona.

■ The petitioner on his initial proof supporting the will submitted in detail his evidence tending to show that decedent at the time of the execution of the will was not acting under undue influence, following which, contestants submitted all their evidence to support their contention of undue influence. We are unable to determine any possible prejudice contestants suffered by this procedure. They were subjected to no surprise and were allowed to present all of the evidence available to sustain their position. The court did allow petitioner to submit in rebuttal some testimony after contestants closed their case. This we think was incorrect for the reason that in the adversary proceeding although petitioner was defendant, he was allowed to submit proof on rebuttal as though he were plaintiff. In this we fail to see any prejudice. The rebuttal witnesses were Mr. and Mrs. Heffernan who testified at length initially and their testimony on matters not theretofore related by them was of minor importance. Our view is that there was no reversible error in trying the issue of undue influence as presented herein.

The state of California, in considering a similar statute concerning the framing of issues on contest of probate of a will, has ruled that the provision concerning the filing of an answer to the contest is permissive and that issues raised by conflicting statements in the petition for probate and the opposition thereto may be tried without answer. Swift v. Superior Court, 39 Cal. 2d 358, 247 P.2d 6. As stated, we think our statute contemplates an answer and should prejudice result from the failure to file one, it would be reversible error. ·

■■ Contestants contend that the circumstances create a presumption that the will is a product of undue influence and the court was compelled to so find. We believe the circumstances are such that would, in the absence of contrary evidence, create such presumption, but there is ample evidence before the court to justify a finding that such presumption has been overcome. Mr. and Mrs. Heffernan were close friends of and had frequent contact and association with decedent; she became ill and had been ordered by her doctor to the hospital for examination and diagnosis. There was evidence that because of this she expressed to Mrs. Heffernan a desire to make a will; together they attempted to contact her lawyer who was out of town and would not return before she went to the hospital; decedent secured a copy of her deceased's husband's will and, with Mrs. Heffernan typing, her will was written in the same language naming the petitioner and Mrs. Heffernan beneficiaries; at decedent's request, they went to her doctor for the purpose of executing it. The doctor read it and

184

discussed it with her and it was executed with the doctor and his nurse as witnesses. The nurse read the will. Decedent and Mrs. Heffernan told the doctor and nurse that Mrs. Heffernan assisted in the preparation of the will. As a precaution the doctor sent decedent accompanied by Mrs. Heffernan to a notary public to have it acknowledged. There was testimony to the effect that during these negotiations, there was no indication of coercion or undue influence. Subsequent to the will's execution, decedent was operated on and spent considerable time in the Kingman Hospital and in a hospital in Las Vegas, Nevada, from where she returned to the Kingman Hospital. During her stay in both hospitals she was at times visited by various friends, sometimes in the presence of and sometimes in the absence of Mrs. Heffernan who was helping to care for her. There was no doubt of her mental capacity and there was evidence to the effect she was a woman of strong will. Had the instrument not been her will, she had ample opportunity after its execution to have repudiated it. We conclude the court was amply warranted in concluding that the instrument was her own free act and not the product of coercion. The court was legally justified in holding that it was not the will of another substituted for hers.

The judgment is affirmed.

PHELPS, C. J., and STANFORD, LA PRADE and UDALL, JJ., concur.