### KONDOS et al. v. MOUSER.

No. 8098—Opinion Filed July 10, 1917.

(166 Pac. 707.)

(Syllabus by the Court.)

**1. Principal and Agent—Acting for Both Parties.**

As a rule an agent cannot act as such for both parties to the same transaction in matters which involve the exercise of discretion, where the interests of the parties are conflicting, unless he does so with the knowledge and consent of both. This rule does not apply, where the interests of the two principals are not conflicting and loyalty by the agent to one of them is not a breach of his duty to the other, as where the agent exercises no discretion in the matter and acts merely to bring the parties together and they themselves settle the terms of the agreement between them.

**2. Appeal and Error—Review—Verdict.**

In an action at law tried before a jury, the verdict will not be set aside on appeal where the evidence reasonably tends to support the verdict.

Appeal from County Court, Creek County; Vick S. Decker, Judge.

Action by Geo. H. Mouser against Theo. Kondos and another. There was a judgment for plaintiff, and defendants appeal. Affirmed.

Mars & Brown, for plaintiffs in error.

C. F. Chapman, for defendant in error.

OWEN, J. An action of contract for services rendered. From the evidence it appeared that plaintiff, defendant in error here, acting as middleman, and not as agent of either party, brought together the defendants, plaintiffs in error here, and another party, the former a seller and the latter a buyer, in consequence of which meeting a contract of sale of a certain restaurant was entered into between them; that plaintiff had made an agreement with defendants that in case a sale was effected he was to receive a certain commission. Defendants alleged that the conduct of the plaintiff in concealing from them that the purchaser was his son-in-law, and that he was assisting his son-in-law in securing funds with which to purchase the restaurant, amounted to fraud, and set this up as a defense to this action which is brought for the commission claimed to be so due from the defendants. Verdict for the plaintiff. Defendants bring the case here.

Plaintiffs in error urge that the verdict and judgment below are not supported by sufficient evidence and are contrary to the weight of the evidence; that the court erred in the exclusion of certain testimony, and in the instructions given to the jury. It is contended the purchaser being the son-in-law of the defendant in error constituted such confidential relation as to make defendant in error the agent of the purchaser and to prevent his acting as agent of the plaintiffs in error in procuring the purchaser. They seek to invoke the general rule that one cannot act as agent of two principals, in the

same transaction, where there is a conflict of interest between the principals. This rule has no application to the facts as disclosed by the evidence in the record. The rule is well settled that an agent cannot act as such for both parties to the same transaction, where the interests of the parties are conflicting unless he does so with the knowledge of both. In accordance with this rule, one cannot act as buyer and seller in the same transaction in matters involving discretion, since it is to the interest of the vendor to secure the highest price and the purchaser to pay the least, and the agent thereby puts himself into a conflicting position. But in this case plaintiffs in error agreed to pay the defendant in error a commission if he would bring them a buyer for the restaurant. This he did. The sale was effected by them with the buyer without suggestions to either side by the defendant in error, who merely acted as middleman and not as agent of either party. The fact that he assisted his son-in-law in raising the money with which to pay for the restaurant does not constitute fraud, or in any manner affect the contract of purchase. There is nothing in the contention that the defendant in error was guilty of fraud in not disclosing the relation existing between himself and the purchaser. It was immaterial who the purchaser was. We see nothing in the conduct of the defendant in error which was fraudulent or which operated to deceive plaintiffs in error in making the agreement to pay him for his services. He made no false representations to them. They knew the value and nature of his services and the extent to which they were beneficial to them. It was wholly immaterial that the purchaser introduced to them was his son-in-law. They dealt with the purchaser in making the sale. Defendant in error acted as middleman in finding a purchaser. When the sale was made he was entitled to his commission. The rule invoked has no application to the facts. One may act as agent for both parties where the interests of the two principals are not conflicting, and loyalty by the agent to one of them is not a breach of his duty to the other, as where the agent exercises no discretion in the matter but acts merely to bring the parties together, and they themselves settle the terms of the agreement between them. 2 Corpus Juris, 713; Rupp v. Sampson, 16 Gray (Mass.) 398, 77 Am. Dec. 416.

The evidence supports the verdict, and the evidence excluded by the lower court was immaterial to the issues and was properly excluded. We find no error in the instructions. They properly stated the law applicable to the correct theory of the case.

The judgment of the lower court is affirmed.

All the Justices concur.