[S. F. No. 11254. In Bank.—June 23, 1925.]

In the Matter of the Estate of JAMES LAWRENCE, Deceased.

[1] WILLS—EXECUTION OF ACKNOWLEDGMENT—PRESENCE OF TWO WITNESSES.—Where an ordinary written will is not subscribed or acknowledged before two witnesses, both present at the same time, it is not executed with the formality required by section 1276 of the Civil Code.

(1) 40 Cyc., p. 1121, n. 46.

APPEAL from a judgment of the Superior Court of Humboldt County. Denver Sevier, Judge. Affirmed.

The facts are stated in the opinion of the court.

T. H. Selvage and Eugene S. Selvage for Appellant.

Mahan & Mahan for Respondents.

SHENK, J.—James Lawrence died in November, 1922, at Eureka, Humboldt County, leaving estate in California and Minnesota. In December, 1923, Thomas Bramston filed a petition for the probate of the last will and testament of the decedent. In due time Ann and Sarah Lawrence, sisters of the decedent, filed a contest alleging that the will was invalid and not the will of the decedent for the reason that it had not been executed with the formality required by section 1276 of the Civil Code. The appellants answered. The contestants interposed a demurrer on the ground that the answer did not state facts sufficient to constitute a defense to the contest. The demurrer was sustained without leave to amend. The matter was submitted to the court for decision on the contest and the answer thereto. Judgment was entered declaring the will invalid and refusing to admit the same to probate. This is an appeal from that judgment by Mrs. Hannah Anderson Steinhofer, a beneficiary under the alleged will.

1. Necessity that attesting witnesses to will be present at the same time, note, L. R. A. 1917F, 872.

[1] Maude Fulton and Mrs. Bertha Steinhofer were the subscribing witnesses. The will was signed by the decedent on the eighteenth day of June, 1921. It is alleged in the contest that at the time the will was signed by the decedent it was signed in the presence of Maude Fulton, who was the only person in whose presence the decedent signed the will and the only person to whom the decedent at said time acknowledged said written document to be his will and was the only person who at said time was requested by the decedent to sign the will as a witness; that Mrs. Bertha Steinhofer signed her name to the alleged will more than a week after the eighteenth day of June, 1921, and that when she signed her name thereon she did not sign the same in the presence of Maude Fulton. It is alleged in the answer "that on the 18th day of June, 1921, said Maude Fulton signed the said will at the end thereof, at said testator's request and in his presence, and that at the time of her so signing, said testator declared to said Maude Fulton that the said instrument was his will; that a few days subsequent thereto said Mrs. Bertha Steinhofer signed the said will as a witness thereto at the end thereof, at said testator's request and in his presence, and at the time of her so signing, said testator acknowledged to said Bertha Steinhofer that said will had been made by him and by his authority and declared to her that the said instrument was his will." It therefore appears that neither the subscription nor the acknowledgment of the decedent took place before two witnesses present at the same time. The precise question was presented in *Estate of Emart,* 175 Cal. 238, 244 [L. R. A. 1917F, 866, 166 Pac. 707], where this court construed the language of section 1276 of the Civil Code, reviewed the history of the legislation on the subject, and said: "From the language of our statute and this review of its history, we regard the conclusion as unescapable that our law requires the subscription or the acknowledgment to be before the two witnesses present at the same time."

The appellant contends that in *Estate of Dow,* 181 Cal. 106 [183 Pac. 794], this court, in the opinion on rehearing, so far discredited the decision in *Estate of Emart, supra,* as to render the point involved herein an open one. Such was not the case. In *Estate of Dow, supra,* the will was subscribed and acknowledged in the presence of both witnesses

but the witnesses did not sign the document in the presence
of each other.   It was held that, under the statute, the wit-
nesses need not sign in the presence of each other.   The dis-
tinction is pointed out by the court in the opinion on
rehearing in that case.

On the authority of *Estate of Emart, supra,* the judgment
is affirmed.

Seawell, J., Waste, J., Richards, J., Lennon, J., Lawlor,
J., and Myers, C. J., concurred.