[L. A. No. 14530.   In Bank.—May 17, 1934.]

In the Matter of the Estate of MARY L. LEONARD, Deceased.   LORETTA G. NEILSON et al., Appellants, v. R. E. BARNES, Respondent.

Oliver O. Clark and Frederick Newhouse for Appellants.

W. R. Barnes and Leonard S. Barnes for Respondent.

SHENK, J.—The appeal herein is taken by some of the heirs at law and next of kin of Mary L. Leonard from an order denying admission to probate of a document claimed to be the holographic will of the decedent.   The document was entirely written and dated by the hand of the decedent.

Objection to its admission was made on the ground that it was not executed in accordance with legal requirements, in that it was not signed by the decedent.

The instrument is dated "May 20 1929". It commences in the following manner:

"In the name of God I

Mary L. Leonard

Los Angeles Calif at the age of 70 years and being of sound and disposing mind and memory."

It bequeaths $2,000 for a monument for her mother's grave and her own. It states that $5 is given to each of her brothers and sisters and the children of deceased brothers and sisters, and no more. It then recounts in detail her reasons for giving no more to those relatives; mentions hurts and heartaches; that she had given thousands of dollars to certain of them and real property to others and had not been appreciated, but that she had been turned out. The instrument provides that the entire estate is to go to erect a home for aged couples and makes certain restrictions as to its use and as to the qualifications of those who shall be admitted. She appoints a niece, Loretta G. Neilson, one of the appellants, as the executrix to act without bonds and forbids her to employ one of the decedent's brothers, W. R. Barnes, as her attorney. It then states some of the facts relating to a controversy with her brother Ed Barnes, which resulted in a suit by the brother against her. The last words and punctuation in the instrument are "We had our suit and he got licked ——". No signature appears at the end of the instrument. It is also apparent from the instrument that the year of the date had been changed from 1922 to 1929. The decedent died on December 28, 1932, at the age of about 76 years.

The probate court found that the instrument was not signed by Mary L. Leonard so as to constitute it a last will and testament. The court found further that the decedent's name appearing at the top was *descriptio personae* and not intended as an executing signature; that the instrument was incomplete and unfinished, and ended abruptly several inches from the bottom of the page, with a dash following the last word; that the date had been changed by erasing the figure 2 and substituting the figure 9, so as to make

the year appear as 1929; and that there was nothing on the face of the instrument which showed an intention on the part of the author to adopt the name appearing in the *exordium* clause as an executing signature.

The main ground of the appeal is that the evidence does not support the findings of the probate court. This ground obviously lacks merit. In *Estate of Streeton,* 183 Cal. 284, one of the cases relied upon by the appellants, it is stated at page 288 [191 Pac. 16, 18]: "The test to be applied in determining whether a will has been 'signed by the hand of the testator himself' as required by section 1277 of the Civil Code, was stated in *Estate of Manchester,* 174 Cal. 417 [163 Pac. 358, Ann. Cas. 1918B, 227, L. R. A. 1917D, 629], as follows: 'The true rule, as we conceive it to be, is that, wherever placed, the fact that it was intended as an executing signature must satisfactorily appear on the face of the document itself. If it is at the end of the document, the universal custom of mankind forces the conclusion that it was appended as an execution, if nothing to the contrary appears. If placed elsewhere, it is for the court to say, from an inspection of the whole document, its language as well as its form, and the relative position of its parts, whether or not there is a positive and satisfactory inference from the document itself that the signature was so placed with the intent that it should there serve as a token of execution. If such inference thus appears, the execution may be considered as proven by such signature,' . . . Had the name appeared in the *exordium,* the logical inference from the context would probably have been that it was intended merely to identify the person making the will, and additional facts might have been necessary to raise the inference that it was also intended as a signature in execution of the will . . . (citing cases)." The holding in that case that the due execution of a will is a question of fact, and its determination by the trial court is not to be overthrown unless that determination is without support in the evidence (*Estate of Streeton, supra,* p. 289), is applicable on an appeal from a judgment denying admission of an instrument to probate as a will.

The evidence in the present record fully supports the findings of the probate court. (See *Estate of Bernard,* 197 Cal.

38 [239 Pac. 404] ; *Estate of Devlin,* 198 Cal. 721 [247 Pac. 577].)

The contention is also made that the court erred in admitting in evidence certain alleged declarations of the decedent made after the writing of the instrument, to the effect that she did not intend it as her last will and testament. Assuming error in this respect, in view of the foregoing showing that the instrument itself fully supports the court's findings, and that the judgment would be affirmed on that evidence alone, it cannot be said that any prejudice resulted to the appellants by the admission in evidence of such declarations.

The order is affirmed.

Preston, J., Waste, C. J., and Seawell, J., concurred.