[L. A. No. 14944. In Bank.—July 1, 1936.]

In the Matter of the Estate of MARY MILLER PITCAIRN, Deceased.   EDGAR R. BOYDEN et al., Respondents, v. CAROLINE PITCAIRN REIMANN et al., Appellants.

Leonard L. Riccardi and William J. Donahue for Appellants.

Crail, Shutt, Crail & Crail, J. M. Crail and Charles Crail, Jr., for Respondents.

LANGDON, J.—This is an appeal from a judgment admitting a will to probate.

The decedent, Mary Miller Pitcairn, died a resident of Los Angeles County in March, 1934, leaving an estate which was formerly the community property of herself and her previously deceased spouse. The will was offered for probate by respondents, who are the next of kin and the sole legatees. A contest was filed by appellants, who are the heirs of the predeceased spouse of the testatrix. The only ground of contest is that the will was not executed with the formalities required by the statute. The proponents called Alec B. Francis and Jane Alcock, the subscribing witnesses, and their testimony is relied upon by contestants as showing a failure to comply with the statutory requirements. The trial court, however, found in favor of the proponents, and the question is therefore whether there is substantial evidence to support its findings and judgment.

It is clearly established that the will was entirely in the handwriting of the testatrix, with the exception of the date; that it was signed by the testatrix; and that it was subscribed by the two witnesses. It did not contain the usual complete form of attestation clause, but in this respect read as follows: "Signed & witnessed by Alec B. Francis 1627 N. Ogden Drive Hollywood Calif. Jane Alcock 1627 N. Ogden Drive Hollywood."

The witness Francis testified that the testatrix asked him to sign his name to a paper which she declared constituted her "last wishes" as to where her money was to go when she died. He further testified that Jane Alcock, the other witness, also signed it at the request of the testatrix, but he could not state definitely whether anything was said by the testatrix to Miss Alcock. Miss Alcock testified that she was not in the room when the testatrix signed, and that she was asked to sign "a piece of paper", without being told that it was a will. It thus appears that from the testimony of the only witnesses to the occurrence there appears a lack of compliance with the statute.

As already stated, the trial court found for the proponents, and its judgment must find support largely, if not wholly, from the presumption of due execution. In addition, there appears some evidence, which need not be detailed, of ad-

verse attitude on the part of the subscribing witnesses, and in the case of Miss Alcock, of untrustworthy recollection. She testified that the instrument was dated by the testatrix, but when this appeared to satisfy the requirements of an holographic will, the contestants called a handwriting expert who testified that the date was unquestionably in the handwriting of Miss Alcock herself.

We have, then, a case where the signatures of the testatrix and subscribing witnesses are genuine; the will is attested, but lacks a formal attestation clause reciting the steps in execution; the attesting witnesses, seemingly adverse but uncontradicted on the essential issues, testify to a technical failure to comply with the formalities of execution. In such a case, may the trial court admit the will to probate? We think it may.

█ The rule is well established that a regular and complete attestation clause makes out a *prima facie* case of due execution of the will. The authorities have clearly recognized that where witnesses are dead, unavailable or unable to testify or recollect, or are adverse or corrupt, it is necessary to rely upon other evidence of the sufficiency of the instrument, and accordingly have applied the above-mentioned presumption. (See, generally, *Hawkinson* v. *Oatway,* 143 Wis. 136 [126 N. W. 683, 139 Am. St. Rep. 1091]; *In re Sullivan's Estate,* 114 Mich. 189 [72 N. W. 135]; Rood on Wills, 2d ed., sec. 798a, p. 822; note, 76 A. L. R. 617.) █ It is sometimes suggested that the recitals in the attestation clause furnish the basis for the presumption, so that the court in upholding the will against contradictory evidence is really making a finding from the declarations in the instrument. Following this theory contestants seek to limit the presumption to cases where a full attestation clause is contained in the will.

In our view the distinction thus drawn is illogical and the rule is too narrow. There is no need of an "attestation clause"; it is sufficient that a will be witnessed or attested, and the recital of the steps in execution is not required. (68 C. J. 711, sec. 392.) It does not seem reasonable, therefore, to have the important presumption of due execution turn upon the presence or absence of this unnecessary provision. The foundation of the presumption is the proof of genuineness of the signatures, for the instrument is then on its face a valid will. Doubtless recitals in an attestation clause are

entitled to greater weight, but the logical basis for the presumption, as well as its practical necessity, is the same whether or not there is such a clause. This view has the support of a number of authorities. (*Leatherbee* v. *Leatherbee,* 237 Mass. 138 [141 N. E. 669]; *Mead* v. *Trustees of Presbyterian Church,* 229 Ill. 526 [82 N. E. 371, 11 Ann. Cas. 426, 14 L. R. A. (N. S.) 255]; *Berberet* v. *Berberet,* 131 Mo. 399 [33 S. W. 61, 52 Am. St. Rep. 634]; *In re Rosenthal's Will,* 100 Misc. 84 [164 N. Y. Supp. 1060]; *German Evangelical Bethel Church* v. *Reith,* 327 Mo. 1098 [39 S. W. (2d) 1057, 76 A. L. R. 604]; Rood on Wills, 2d ed., sec. 798a, p. 822; see note, 76 A. L. R. 617.)

In *German Evangelical Bethel Church* v. *Reith, supra,* the court fully discusses the conflicting cases on this point. The will there contained an attestation clause, but it failed to recite an essential element of due execution, namely, signing by the witnesses in the presence of the testatrix. If the recitals in the clause were required to create the presumption, then none would arise. But the court held the presumption applicable, saying: "In other words, by subscribing the will the attesting witnesses *impliedly* vouch for its due execution as fully or as broadly as they would do expressly if there were a complete attestation clause, though, perhaps, with less force and emphasis."

In our own jurisdiction, the case of *Estate of Tyler,* 121 Cal. 405 [53 Pac. 928], considers the authorities at length and affirms the above-stated rule. In that case there was no attestation clause; one of the witnesses was dead, and the other could not recollect the details of execution. The court upheld the order admitting the will to probate. The decision was approved in *Estate of Kent,* 161 Cal. 142 [118 Pac. 523], in which there was likewise no attestation clause and the only subscribing witness called was unable to recollect.

The contestants herein seek to distinguish most of the cases applying the presumption in the absence of an attestation clause on the ground that the witnesses were either not present or unable to recall the facts. They contend that even if the presumption is applicable to those situations, the presence of subscribing witnesses who give adverse testimony destroys the presumption. But in our opinion, if the presumption be recognized, it is seldom material to an appel-

late court whether the subscribing witnesses were unavailable, unable to remember, or gave affirmative testimony adverse to the will. A presumption is recognized in this state to be independent evidence which may be weighed against positive testimony, and in a proper case the lower court may follow the presumption of due execution from proof of genuineness of the signatures, though the witnesses attack the will. In the present case the presumption, together with other circumstances such as the exposed mistaken testimony of Miss Alcock, justified the finding of the probate court that the will was properly executed.

The judgment admitting the will to probate is affirmed.

Curtis, J., Seawell, J., Thompson, J., Shenk, J., and Waste, C. J., concurred.