[L. A. No. 16906. In Bank.—Sept. 23, 1941.]

Estate of ORRIE EMMA KRAUSE, Deceased. JOHN KRAUSE, Appellant, v. V. STANLEY DODGE, Respondent.

Joseph Musgrove, Fred O. McGirr and Thomas H. Cannan for Appellant.

Hansen & Sweeney for Respondent.

PULLEN, J., *pro tem.*—This appeal is from an order admitting to probate an instrument which purports to be the last will and testament of Orrie Emma Krause, deceased.

On the hearing of the cause the testimony of a subscribing witness, Mrs. Frizelle, furnished practically the only evidence showing the circumstances surrounding execution of the instrument. This testimony, in substance, was embodied in findings of the court, from which the following is quoted:

"On or about the 25th day of March, 1929, Orrie Emma Krause telephoned next door to Mina H. Cullinan and asked her to come over with Mrs. Frizelle and witness a will; and Mrs. Frizelle at the request of Mrs. Cullinan went over to Mrs. Krause's home with her to witness a will. Mrs. Krause did not say anything about her will when said witnesses arrived in her presence to witness a will, other than: 'There is the pen and ink, sign it.' Said paper was folded so that the signature thereon, if any, could not be seen. The only creases appearing on the sheet at time of trial were the usual ones, made by folding 8 x 13 paper twice. . . . Orrie Emma Krause did not sign said will in the presence of said witnesses, nor declare or acknowledge to them, or either of them, that it was her will or that she had subscribed said will." From the facts so found the court concluded as a matter of law that the purported will "was executed in accordance with the requirements of law (*Estate of Pitcairn*, 6 Cal. (2d) 730 [59 Pac. (2d) 90]), and it should be admitted to probate." The order of admission was entered accordingly.

At the time the instrument was signed by the witnesses, section 1276 of the Civil Code, now embodied in section 50 of the Probate Code, provided: "Every will, other than a nuncupative will, must be in writing; and every will, other than an olographic will, and a nuncupative will, must be executed and attested as follows . . . 2. The subscription must be made in the presence of the attesting witnesses, or be acknowledged by the testator to them to have been made by him or by his authority; 3. The testator must, at the time of subscribing or acknowledging the same, declare to the attesting witnesses that the instrument is his will. . . . "

■ Applying the above provisions to test the sufficiency of the execution and attestation of the instrument here under review, it is seen that there was a failure to meet the required formalities and to satisfy the statutory requirements. The testatrix did not subscribe her name in the presence of the attesting witnesses, or either of them; neither did she acknowledge that the instrument had been signed by her or by her authority, nor declare that it was her will. These formalities cannot be waived or disregarded. The law requires the subscription or acknowledgment to be made before the two witnesses present at the same time, and where this requirement is not met, the instrument must be denied probate (*Estate of Emart,* 175 Cal. 238 [165 Pac. 707, L. R. A. 1917F, 866]; *Estate of Lawrence,* 196 Cal. 321 [237 Pac. 738]).

In concluding as a matter of law that the "will was executed in accordance with the requirements of law" and should be admitted to probate, the trial court relied upon *Estate of Pitcairn, supra,* to support its ruling. In the Pitcairn case the instrument under review was entirely in the handwriting of the testatrix with the exception of the date, and although it did not contain the usual complete form of attestation clause, it was subscribed by two witnesses, one of whom testified "that the testatrix asked him to sign his name to a paper which she declared constituted her 'last wishes' as to where her money was to go when she died," and the other "that she was not in the room when the testatrix signed, and that she was asked to sign 'a piece of paper', without being told that it was a will." There was evidence of an adverse attitude on the part of these witnesses, and the recollection of one of them was untrustworthy. Confronted with this unreliable evidence of the circumstances under which the in-

strument was executed, the trial court refused to credit the testimony of the witnesses. It found the facts in accordance with the presumption of due execution, and admitted the will to probate.

The factual situation disclosed by the record in the case at bar is not analogous to that of the Pitcairn case. Here the attitude of the subscribing witness was not adverse and her testimony was clear, uncontradicted, and without conflict. It showed positively that the testatrix did not sign the purported will in the presence of the attesting witnesses, and that she neither declared nor acknowledged to them that it was her will or that she had subscribed it. The trial court gave credit to this testimony and made specific findings in accordance with it. The facts so established and the specific findings admitted of no other conclusion than that the will was not executed in accordance with the requirements of law. In the Pitcairn case, uncertain testimony was discredited, findings were made in accordance with the presumption of due execution, and the trial court was entitled to rely upon the presumption in drawing its conclusions of law. In the present case the uncontradicted testimony was credited, the facts were found in accordance with it, and the court was not justified under such circumstances in forming its conclusions in accordance with the presumption but should have based them upon the facts found.

Appellant complains of the admission in evidence of an entry from the diary of the testatrix, reading as follows: "Made my last will March 25, 1929. Mrs. Cullinan, Mrs. Frizelle were witnesses." In admitting this evidence, the trial court remarked that it was harmless, as it was merely corroborative of the facts appearing on the face of the will. The question of whether this ruling was prejudicially erroneous need not be decided in view of the fact that the order admitting the instrument to probate must be reversed for the reasons first above set forth.

The order is reversed.

Gibson, C. J., Shenk, J., Curtis, J., Edmonds, J., Carter, J., and Traynor, J., concurred.