[Civ. No. 14588. First Dist., Div. Two. Mar. 8, 1951.]

Estate of JOHN G. JIANITOS, Deceased. NICHOLAS STEPHEN PETSAKOS, Respondent, v. SPIROS MANOS, Individually and as Executor, etc., Appellant.

Stanley P. Mamalakis for Appellant.

Heller, Ehrman, White & McAuliffe, Eugene S. Clifford and William K. Coblentz for Respondent.

NOURSE, P. J.—In this contest of a will three grounds of attack were raised—that the testator was of unsound mind, that the will was not executed in the manner required by law, and undue influence. The first ground was waived; the contest was tried by the court resulting in findings and judgment revoking the will on the other two grounds.

On the issue of undue influence appellant argues that the evidence shows nothing more than opportunity and suspicious circumstances, but we need not pass on that issue because the judgment must be affirmed on the second ground, even if we were to agree with appellant on the subject of undue influence.

The decedent had been employed for 26 years as a waiter for the Olympic Club in San Francisco. Respondent was employed at the same place as headwaiter during all that time; the appellant was a barber operating a shop in the same city. In October, 1947, decedent became ill and left this employment. On June 16, 1948, the purported will was executed in this manner—according to appellant's evidence the will was prepared by one Faso at decedent's request; these two then went to appellant's barber shop where another was asked to sign as a witness. The will shows that following the signature of the testator this one appeared as the first witness and the name of Faso followed. According to contestant's evidence the will was signed by the testator and the witness Faso, and then taken by Faso alone to the barbershop where the second witness signed in the absence of the testator.

The trial court chose to believe the evidence of the respondent and found: "The document offered and admitted to probate . . . was not subscribed by the testator in the presence of the attesting witnesses; the testator did not acknowledge in the presence of the attesting witnesses that said document was subscribed by him or by his authority; that the said testator did not declare to the attesting witnesses

that said document was his will. . . ." Since the evidence is conflicting we are bound by the finding.

■ The rule is settled that under section 50 of the Probate Code a will must be signed (or acknowledged) by the testator in the presence of both witnesses present at the same time, and that each witness must sign at the request of the testator and in his presence. Sufficient authorities for a strict adherence to the code requirements are *Estate of Krause*, 18 Cal.2d 623, 626 [117 P.2d 1] and *Estate of Lynch*, 70 Cal. App.2d 392 [161 P.2d 24].

The judgment is affirmed.

Dooling, J., and Schottky, J. pro tem., concurred.

Appellant's petition for a hearing by the Supreme Court was denied May 3, 1951.