[Civ. No. 15206. First Dist., Div. Two. June 4, 1952.]

Estate of FLORENCE ELLEN GILL, Deceased. ANNE CLAIRE QUINN, Appellant, v. ROBERT J. GILL, Respondent.

A. E. Bagshaw for Appellant.

Rockwell & Fulkerson for Respondent.

DOOLING, J.—Contestant before probate appeals from an order admitting the will to probate after a trial to the court sitting without a jury. Contestant is the surviving sister of the testatrix and the proponent and respondent, who is the sole beneficiary and executor of the will, is testatrix' surviving brother. The testatrix was a spinster with no nearer relatives.

On August 22, 1950, testatrix was taken to a hospital suffering from a severe heart attack. She was given digitalis and morphine at regular intervals thereafter and placed in an oxygen tent. On August 23 at about 1 p. m. she signed the will admitted to probate and on August 24 at 2 a. m. she died.

Three grounds are urged on appeal: 1. The finding of due execution of the will is not supported by the evidence;

2. The finding that the testatrix possessed testamentary capacity and was of sound and disposing mind is contrary to the evidence; 3. The finding that testatrix was not acting under the undue influence of respondent brother is not sustained by the evidence. We shall take these questions up in the order stated.

## 1. THE DUE EXECUTION OF THE WILL

The will was witnessed by two employees of the hospital. They testified that they were asked by respondent to act as witnesses to decedent's will; that they went into her room and respondent said to the decedent: "Do you want these two ladies to witness your signature?"; and that the decedent answered "Yes." The decedent signed the will in their presence and they signed as witnesses in decedent's presence and the presence of each other, whereupon decedent said "Thank you" and they left the room. They both testified that the document was not referred to as a will nor was the word will mentioned by the decedent or in her presence while they were with her.

Respondent testified that in the presence of the witnesses he said to decedent: "These two young ladies are coming in here to act as witnesses to your will. Do you wish them to act as witnesses?" Decedent answered: "Yes." After she finished signing it he said: "Is this your will?" and she again answered "Yes."

It is clear that this was sufficient if believed to satisfy the requirements of Probate Code, section 50.

Appellant argues respondent's interest and certain alleged inconsistencies in his testimony but those are matters to be weighed by the trial court and since the trial court has chosen to believe the proponent's testimony we cannot reweigh his evidence on appeal. Giving added weight to respondent's testimony is the presumption of due execution from the presence of the witnesses' signatures on the will. (*Estate of Pitcairn*, 6 Cal.2d 730 [59 P.2d 90].) This presumption is entitled to be weighed against the attesting witnesses' testimony. In *Estate of Pitcairn* the court said at pages 733-734: "But in our opinion, if the presumption be recognized, it is seldom material to an appellate court whether the subscribing witnesses were unavailable, unable to remember, or *gave affirmative testimony adverse to the will*. A presumption is recognized in this state to be independent evidence which may be weighed against posi-

tive testimony. . . ." (Emphasis ours.) (*Cf. Estate of Cecala,* 92 Cal.App.2d 834, 838 [208 P.2d 436].)

## 2. THE TESTATRIX' TESTAMENTARY CAPACITY

■ Dr. Polland, a heart specialist, saw decedent only on the day of her admission to the hospital. He testified that she was very ill of a serious and apparently fatal heart ailment. That in his opinion she would get progressively worse and that because of her illness her mind was affected and she could not in his opinion at that time or until her subsequent death have been able to understand and carry in her mind her property or the objects of her bounty or to understand the acts that she was doing. Dr. Edwards, her attending physician, testified that from the time of her admission to the hospital decedent became progressively worse physically and mentally.

However Dr. Polland admitted on cross-examination that decedent might have "retrenchment improvement at some time" and it is possible for "temporary relief" to occur. Dr. Edwards on the admission of decedent to the hospital observed decedent worrying about a nephew and his wife in Germany and about some property involvement with the O.P.A. and on the day the will was executed asked her questions about her condition which she answered rationally. Respondent testified that decedent asked him to prepare the will on ·August 22, that he asked her to wait until she got out of the hospital but she insisted, and that she read the will and expressed her satisfaction with it before signing it. The subscribing witnesses found her apparently rational and after they signed the will she thanked them in a loud, clear voice. She signed the will without assistance, and while she was accustomed to use the signature "Florence Gill" or "Florence E. Gill," in this instance she followed the spelling of her name in the document and signed it "Florence Ellen Gill," without assistance or prompting. The evidence, while conflicting, was ample to support the finding of testamentary capacity.

## 3. THE ISSUE OF UNDUE INFLUENCE

■ Respondent testified that he had assisted decedent financially for many years, and that she had always voluntarily stated that he would get her property when she died. She had made an earlier will, ineffective because not witnessed, leaving all her property to him and had written him a letter stating that she was leaving all her property to him. He further testified that she asked him to prepare a will

just like the other invalid one, that he demurred and she insisted; that he prepared the will and she read it over and expressed her satisfaction with it. The trial court chose to believe this testimony which is ample to rebut any presumption of undue influence and to establish that the execution of the will was her free and voluntary act.

The questions presented on appeal are all fact questions and the arguments of appellant as to the weight and credibility of the proponent's testimony cannot avail before an appellate court, which must accept as true the evidence which supports the trial court's findings from whatever source it may have come.

The order and decree appealed from is affirmed.

Nourse, P. J., and Goodell, J., concurred.