[Sac. No. 6767.    In Bank.    May 16, 1958.]

Estate of JULIANA MATILDA FLETCHER, Deceased.
MARGARET J. LOFTUS et al., Appellants, v. MONTEZ
IONE OAKES, Respondent.

Harold J. Thorsen for Appellants.

Francis H. Frisch for Respondent.

McCOMB, J.—This is an appeal from a judgment denying probate of a purported will.

Juliana Matilda Fletcher died June 13, 1955. Thereafter appellants filed in the superior court a purported will of decedent dated October 6, 1951, together with a petition for probate thereof.

The alleged will was a typewritten document purportedly bearing the signatures of the testatrix and two witnesses, the latter two signatures following a formal attestation clause.

Respondent filed a petition for contest of the will before probate and for grounds of contest alleged that at the time of the execution of the document the testatrix was not of sound and disposing mind; that the offered will was not signed by decedent or executed with the formalities required by law; and that at the time of the execution thereof decedent was acting under the undue influence of appellant William W. Loftus.

At the trial before a judge without a jury, appellants (proponents), through the testimony of William W. Loftus, offered proof of the due execution of the will, that is, that the will was signed by decedent and by two subscribing witnesses.

The signatures of the witnesses were not disputed. One of the witnesses was deceased. The other, Doris Vroubel, called as a witness by appellants, admitted her signature to the attestation clause but testified that the recitals in such clause were not true and that the purported will was not executed with the formalities required by law. She testified that decedent was in a semiconscious slumber or coma at the time; that the purported will was signed by her by appellant William Loftus' placing a pen in decedent's hand and directing the signature by holding her hand in his; and that decedent did not know what was happening and did not in any manner declare the instrument to be her will.

The trial judge found as a fact that (i) the purported will filed by appellants was not prepared by decedent, nor did decedent cause it to be prepared; (ii) decedent did not declare it to be her last will and testament to the subscribing witnesses, nor did she by act or conduct imply in any manner that it was her last will and testament; (iii) decedent did not expressly or by implication request the subscribing witnesses

to sign the attestation clause attached to said purported will; (iv) decedent was in a coma and mentally incapable of understanding the nature of the proceedings surrounding the execution of the purported will and was unable to understand, and did not in fact know, that the document presented was a will or any instrument purporting to dispose of her property upon her death; and (v) decedent did not request appellant William W. Loftus to sign her name for her.

Questions:

First: *Neither party having demanded a jury trial, did the trial court err in ending the proceedings after the proponents of the purported will had introduced their evidence on the issue of due execution of the will?*

*No.** ▮ There is a presumption that a will has been duly executed upon proof of the signatures of the testator or testatrix and the witnesses. (*Estate of Emden,* 87 Cal.App.2d 115, 122 [5] [196 P.2d 627].) Phrased otherwise, the rule is that proof of the signatures of the testator or testatrix and the witnesses makes out a *prima facie* case of due execution. (*Estate of Pitcairn,* 6 Cal.2d 730, 732 [1] [59 P.2d 90].)

Appellants contend that since they proved those signatures the rule entitles them to a trial on the issues in the contest beyond the issue of due execution. They misconstrue the rule.

▮ The presumption of due execution would have authorized a finding of due execution, if, for example, the court had chosen not to believe the witness Doris Vroubel. But the court is not required to find according to the presumption when contrary evidence is clear.

▮ The trial court has discretion to determine the order of proof and may require the proponents of a will to prove due execution before it proceeds with a contest. (*Estate of Relph,* 192 Cal. 451, 459 [10] [221 P. 361]; *Estate of Smith,* 176 Cal. 729, 730 [171 P. 289].)

It would be wasteful to require a lengthy trial on multitudinous issues when it is evident that the purported will is not entitled to probate.

▮ The proponents must have the opportunity to present all the evidence they may have on the issue of due execution before that issue is finally determined against them, but the record in this case shows they had the fullest opportunity.

---

*If either party demands a jury trial, the proper procedure is set forth in *Swift* v. *Superior Court,* 39 Cal.2d 358, 364 [9] [247 P.2d 6].

320320

Second: *Was there substantial evidence to sustain the trial court's findings of fact?*

*Yes.* ■ The question of the due execution of a will is one of fact, and the trial court's finding thereon will not be reversed on appeal if there is any substantial evidence to sustain it. (*Estate of Leonard*, 1 Cal.2d 8, 10 [1] [32 P.2d 603]; *Estate of Streeton*, 183 Cal. 284, 289 [3] [191 P. 16]; *Estate of Cullberg*, 169 Cal. 365, 370 [146 P. 888].)

■ It is apparent that the testimony of Doris Vroubel was clear, uncontradicted, and tended to prove that the document purporting to be the last will and testament of decedent was in fact not her will nor was it executed with the formalities required by law. This testimony raised a conflict with the presumption of due execution which arose from proof of the execution of the attestation clause and left a question of fact, which was properly determined by the trial judge.

The findings of fact in the instant case are similar to those in *Estate of Krause*, 18 Cal.2d 623 [117 P.2d 1], wherein this court held that no other conclusion could be reached than "that the will was not executed in accordance with the requirements of law." (See p. 626.) This court also pointed out in that case that *Estate of Pitcairn, supra,* relied on by appellants here, was distinguishable from the facts in the Krause case, and therefore it is not applicable to a set of facts such as those existing in the present case.

In the Pitcairn case, uncertain testimony was discredited, and findings were made in accordance with the presumption of due execution. This court held that the trial court was entitled to rely upon the presumption in drawing its conclusions of law. On the other hand, in *Estate of Krause* and in the present case, the court believed uncontradicted testimony contrary to the presumption of due execution and made findings of fact accordingly. (See *Estate of Krause, supra,* at p. 626 [2].)

From the foregoing, it appears that there was no error upon the part of the trial court.

The judgment is affirmed.

Gibson, C. J., Shenk, J., Carter, J., Traynor, J., Schauer, J., and Spence, J., concurred.