[No. B120032. Second Dist., Div. Three. June 22, 2000.]

Estate of ROBERT STARR BURDETTE, Deceased.
GLORIA GRACE BURDETTE II, Petitioner and Respondent, v.
WILLIAM L. BURDETTE et al., Contestants and Appellants.

**COUNSEL**

Oldman, Cooley & Leighton, Susan J. Cooley, Walter M. Leighton; Esner & Chang, Stuart B. Esner and Andrew N. Chang for Contestants and Appellants.

Ralph V. Palmieri; Bryan Cave LLP and John W. Amberg for Petitioner and Respondent.

**OPINION**

**CROSKEY, Acting P. J.**—Appellants, William L. Burdette, Mary M. Vincent and Patrice R. Robinson appeal from an order admitting to probate the will of decedent dated September 25, 1993 (the 1993 will) which had been filed by Gloria Grace Burdette II (hereinafter, petitioner). Appellants argued that (1) the 1993 will was not duly executed, (2) the decedent lacked testamentary capacity, and (3) the decedent executed the will as the result of undue influence. It was thus appellants' position that the 1993 will should have been denied probate and an earlier will, dated September 22, 1992 (the 1992 will), should have been admitted to probate as the decedent's last will.

We have reviewed this record and have concluded that petitioner presented sufficient evidence of due execution and that the trial court did not err in admitting the statement of one of the subscribing witnesses, which was in the form of a transcript of sworn testimony given in Florida where such witness resided.[1] We therefore will affirm the trial court's order admitting the 1993 will to probate.

---

[1] The record also reflects substantial evidence that the decedent had testamentary capacity and was not the subject of undue influence. These latter two issues, however, are not argued on appeal.

FACTUAL AND PROCEDURAL BACKGROUND[2]

As already indicated, the decedent left two wills, one executed in 1992 and one in 1993.[3] Essentially, the 1993 will divides decedent's estate equally among his three children, one of whom is the petitioner. The 1992 will, on the other hand, provided less to decedent's children and made bequests to the appellants who were decedent's nephew, niece and grandniece, respectively. No such bequests are included in the 1993 will. Thus, appellants sought to protect their interests under the 1992 will by opposing petitioner's petition for probate of the 1993 will. Appellants' contest of such probate petition was tried over a 10-day period.

Evidence was introduced which reflected that the 1993 will, which consisted of two typed pages, had been executed by decedent on September 25, 1993, before two subscribing witnesses, Jose Torossian, a business associate and friend, and David Wagenvoord. The will contained an attestation clause which was dated September 25, 1993, and signed by each of these witnesses under the penalty of perjury:

"The foregoing instrument, consisting of two (2) pages, was at the date hereof by ROBERT STARR BURDETTE signed and declared to be his Last Will and Testament in the presence of us who, at his request and in his presence, and in the presence of each other, have subscribed our names as witnesses thereto. Each of us observed the signing of this Last Will and Testament by ROBERT STARR BURDETTE, and by each other subscribing witnesses and knows that each signature is the true signature of the person whose name was signed."

At trial, Torossian testified that the decedent first spoke with him about his will in 1993. The decedent expressed unhappiness with his earlier will (i.e., the 1992 will), which he said had been made while he was in an emotional state, and stated his desire to make a new will. He told Torossian that he wanted to give his estate to his children in equal parts. In his testimony, Torossian identified the 1993 will which provided for equal shares to the decedent's three children, in addition to specific bequests, and contained the signatures of the decedent, Robert Starr Burdette, and the two subscribing witnesses, Torossian and Wagenvoord.

Mr. Torossian also testified that he observed decedent sign the will. The decedent asked him to sign the will as a witness, and he identified his

---

[2]There is no dispute as to most of the facts which we recite. To the extent that evidence is conflicting in any part, we view the evidence in the light most favorable to the petitioner who prevailed after a 10-day trial.

[3]Although there was some dispute about the exact date of the execution of the 1993 will, there was no dispute that it was executed *subsequent to* the 1992 will.

signature and Wagenvoord's signature on the will. Torossian further testified that the decedent and he were both present when Wagenvoord signed the will. He did not see either of the children, petitioner or the son Robert, at the house on the day the will was signed. Decedent did not appear to be forced to sign the will, and did not seem confused.

Appellant produced no evidence to contradict Torossian's testimony including his authentication of the 1993 will and the signatures of the decedent and two witnesses. Indeed, their own handwriting expert identified decedent's signature (although he disagreed with the date of signing).

In short, Torossian's testimony provided direct evidence of the decedent's execution of the will and that both he and decedent were present while Wagenvoord signed as subscribing witness and decedent and Wagenvoord observed his (i.e., Torossian's) execution as subscribing witness.

The testimony of Wagenvoord was to the same effect. However, it was admitted in the form of a sworn written transcript of Wagenvoord's testimony given in Florida where he resides. He had declined to come to California to testify in person and his attendance could not be compelled by subpoena. Thus, Wagenvoord was "unavailable" within the meaning of Evidence Code section 240, subdivision (a).[4] In addition to confirming the testimony of Torossian regarding the execution of the 1993 will, Wagenvoord identified a proof of subscribing witness form which he had signed under penalty of perjury on or about April 12, 1996. This executed form further confirmed the due execution of the 1993 will.[5]

Appellants objected to the trial court's receipt of this written transcript of Wagenvoord's testimony. They argued that the "testimony" of two witnesses

---

[4] Evidence Code section 240, subdivision (a), provides:

"(a) Except as otherwise provided in subdivision (b), 'unavailable as a witness' means that the declarant is any of the following:

"(1) Exempted or precluded on the ground of privilege from testifying concerning the matter to which his or her statement is relevant.

"(2) Disqualified from testifying to the matter.

"(3) Dead or unable to attend or to testify at the hearing because of then existing physical or mental illness or infirmity.

"(4) Absent from the hearing and the court is unable to compel his or her attendance by its process.

"(5) *Absent from the hearing and the proponent of his or her statement has exercised reasonable diligence but has been unable to procure his or her attendance by the court's process.*" (Italics added.)

[5] The proof of subscribing witness form stated:

"1. I am one of the attesting witnesses to the instrument of which attachment 1 [i.e., the 1993 will] is a photographic copy. I have examined attachment 1 and my signature is on it.

"a. The name of the decedent was signed in the presence of the attesting witnesses present at the same time by the decedent personally.

was required to prove the due execution of the will. Without citing any authority appellants contended that "testimony" refers only to what a witness provides in open court after being sworn and which is subject to cross-examination. In addition, they argued that Wagenvoord's testimony was inadmissible hearsay as it was given in a proceeding to which they were not a party and of which they had not been given the proper notice so that the transcript could be received as deposition testimony. The record reflects that the "deposition" of Wagenvoord had been scheduled for September 27, 1997, in Tampa, Florida, and appellants had been given only four days' notice, although they were invited to participate by telephone. Appellants did not appear and so Wagenvoord was examined, under oath, by counsel for petitioner only. The written transcript which resulted from that interrogation was offered and received in evidence by the trial court over appellants' objections.

The trial court held that under Probate Code section 8224,[6] such a written transcript would qualify as a "statement" admissible to prove due execution. The court also held that the provisions of section 8253[7] were subject to section 8224 and therefore, since Wagenvoord was admittedly "unavailable" within the meaning of Evidence Code section 240, his transcribed statement was admissible in lieu of live testimony.

After a 10-day trial in which it received this and other evidence concerning the execution of the will as well as the decedent's testamentary capacity and appellants' claim of undue influence, the court took the matter under submission on November 2, 1997. Thereafter, on February 17, 1998, the trial

---

"b. The decedent acknowledged in the presence of the attesting witnesses present at the same time that the decedent's name was signed by the decedent personally. ·

"c. The decedent acknowledged in the presence of the attesting witnesses present at the same time that the instrument signed was decedent's will.

"2. When I signed the instrument, I understood that it was decedent's will.

"3. I have no knowledge of any facts indicating that the instrument, or any part of it, was procured by duress, menace, fraud, or undue influence.

"I declare under penalty or perjury under the laws of the State of California that the forgoing is true and correct."

[6]Unless otherwise stated, all statutory references are to the Probate Code.

Section 8224 provides: "The testimony of each witness in a proceeding concerning the execution or provisions of a will, the testamentary capacity of the decedent, and other issues of fact, may be reduced to writing, signed by the witness, and filed, *whether or not the will is contested.* The testimony so preserved, or an official reporter's transcript of the testimony, is admissible in evidence *in any subsequent proceeding concerning the will* if the witness has become unavailable as a witness within the meaning of Section 240 of the Evidence Code." (Italics added.)

[7]Section 8253 provides:

"At the trial, each subscribing witness shall be produced and examined. If no subscribing witness is available as a witness within the meaning of Section 240 of the Evidence Code, the court may admit the evidence of other witnesses to prove the due execution of the will."

court issued its order admitting the 1993 will to probate and appointing petitioner as executor. In its order, the court set forth its factual findings.[8]

Appellants then filed a timely appeal.

CONTENTIONS OF THE PARTIES

■ The critical contention of appellants is that petitioner failed to prove due execution because the "testimony" of the subscribing witness Wagenvoord was improperly received through a written statement; therefore, the 1993 will should not have been admitted to probate. All of appellants' arguments relate to and rely on this claimed error. Appellants present no argument disputing that there was substantial evidence of both testamentary capacity and the absence of undue influence, although these were issues which they had raised in the trial court.

DISCUSSION

Section 8224 (see fn. 6, *ante*), although it is not included in that portion of the Probate Code[9] which relates specifically to will contests, is nonetheless relevant to the issue before us. That is because it expressly provides that the execution of a will may be proven by a written statement signed by an unavailable witness and filed with the court in any subsequent proceeding concerning the will and whether or not such proceeding involves a contest. (Fn. 6, *ante*.) Such testimony of a subscribing witness may be preserved in a reporter's transcript and will be admissible in a will contest if the witness is unavailable. (Ross & Moore, Cal. *Practice Guide: Probate* (The *Rutter Group* 1999) ¶¶ 3:257.1, p. 3-68 (rev. #1 1997), 15:236, p. 15-68.6.) The will contest which is at issue here most certainly meets the test of a "subsequent proceeding concerning the will [where] the witness has become unavailable as a witness . . . ." (§ 8224.)

---

[8]The trial court made the following findings: "1. All notices required by law have been given. [¶] 2. The decedent died on April 4, 1996, a resident of Los Angeles County. [¶] 3. The decedent died testate. [¶] 4. The Court finds that the will dated 1993 was executed by the decedent and was executed by him after the will dated 1992. [¶] 5. The Court is not persuaded that the decedent ever lacked testamentary capacity. [¶] 6. The Court is not persuaded that the will dated 1993 was the product of undue influence. [¶] 7. The Court finds that there is very substantial evidence indicating that the will dated 1993 was not in fact executed on September 25, 1993 but instead was executed by the decedent (and witnessed by the two witnesses thereto) after the decedent's 1994 stroke. Nevertheless, in view of the findings in Paragraphs 4, 5 and 6 above, the Court finds that the date on which the will dated 1993 was executed is not significant."

[9]Section 8224 is located in article 2 (of div. 7, pt. 2, ch. 3) which is entitled Proof of Will.

Appellants, however, argue that section 8253 (see fn. 7, *ante*), which expressly applies to will contests,[10] required respondent to produce *both* subscribing witnesses at trial unless *both* were unavailable. Here, of course, only one of the subscribing witnesses was unavailable; as a result, appellants claim that section 8253's exception for unavailability cannot apply. This seems to us to be a rather strained interpretation of the statute and would reach an absurd result. It would compel us to conclude that the Legislature intended that the proponent could rely on "other evidence" if both witnesses were unavailable, but not if only one of them could not be produced in court. We simply cannot ascribe to the Legislature any such intent. Moreover, it would ignore the clear language of section 8224 which, by its terms, applies "whether or not the will is contested" and permits the use of a signed written statement in "any subsequent proceeding."

Reading sections 8224 and 8253 together, it is our view that two things must be true. If only one subscribing witness is available in a will contest then (1) his or her evidence alone may be sufficient to prove due execution and the unavailable witness is really not necessary and, in any event, (2) the written statement of the unavailable witness, as authorized by section 8224, may be utilized. This conclusion is fully consistent with the law relating to due execution of a will.

██ The requirements for due execution of a will set forth in section 6110,[11] including the requirement of two subscribing witnesses, exist to protect the testator from fraud or undue influence when the will is executed. (*Estate of LaMont* (1952) 39 Cal.2d 566, 569 [248 P.2d 1].) However, the purpose of having two subscribing witnesses to protect the testator at execution does not also operate as a requirement for *proving* the will. "The quintessential function of a subscribing witness is performed when the will is executed." (*Estate of Parsons* (1980) 103 Cal.App.3d 384, 390 [163 Cal.Rptr. 70].) Therefore, *Parsons* held, "it is not always necessary that each and every one of the subscribing witnesses testify in court." (*Id.* at p. 389.)

This commonsense rule was endorsed by the Law Revision Commission in 1982, when it recommended repeal of former section 350 dealing with

---

[10]Section 8253 is located in article 3 (of div. 7, pt. 2, ch. 3) entitled Contest of Will.

[11]Probate Code section 6110 provides: "(a) Except as provided in this part, a will shall be in writing and satisfy the requirements of this section. [¶] (b) The will shall be signed by one of the following: [¶] (1) By the testator. [¶] (2) In the testator's name by some other person in the testator's presence and by the testator's direction. [¶] (3) By a conservator pursuant to a court order to make a will under Section 2580. [¶] (c) The will shall be witnessed by being signed by at least two persons each of whom (1) being present at the same time, witnessed either the signing of the will or the testator's acknowledgement of the signature or of the will and (2) understand that the instrument they sign is the testator's will."

proof of lost or destroyed wills. The former statute required proof of the missing will by two witnesses, which the commission characterized as "extraordinary": "The requirement that at least two witnesses prove the provisions of a missing will has not worked satisfactorily in those states that have such a rule. The quality of evidence cannot be measured in terms of the number of witnesses; the question is rather one of the credibility of the witnesses. There may well be cases in which only one witness is available, but the witness is of such credibility that no further proof is necessary, and none is required." (Tentative Recommendations Relating to Wills and Intestate Succession (Nov. 1982) 16 Cal. Law Revision Com. Rep. (1982) pp. 2327-2328, fn. omitted, and quoted at 12 Witkin, Summary of Cal. Law (9th ed. 1990) Wills and Probate, § 522, pp. 544-545.)

In numerous will contests, courts have even found a will was duly executed without the affirmative testimony of two subscribing witnesses. (See, e.g., *Estate of Pitcairn* (1936) 6 Cal.2d 730 [59 P.2d 90]; *Estate of Cecala* (1949) 92 Cal.App.2d 834 [208 P.2d 436]; *Estate of Gerst* 1957) 153 Cal.App.2d 528 [315 P.2d 49].) ■ Appellants cite no case holding that the proponent of a will must produce both subscribing witnesses at trial in order to *prove* due execution.

Thus, whether the court admitted Wagenvoord's sworn transcript as a statement authorized by section 8224 or simply applied a *reasonable* construction of section 8253 to allow it in as "other" evidence, it seems clear that there was no error, or if there was, it was patently harmless. The other evidence presented, including specifically the direct affirmative testimony of Torossian, was more than enough.

■ Moreover, there is a presumption that a will has been duly executed upon proof of the signatures of the testator and the witnesses. (*Estate of Pitcairn, supra,* 6 Cal.2d at p. 732; *Estate of Browne* (1958) 159 Cal.App.2d 99, 101 [323 P.2d 827].) "Phrased otherwise, the rule is that proof of the signatures of the testator or testatrix and the witnesses makes out a *prima facie* case of due execution." (*Estate of Fletcher* (1958) 50 Cal.2d 317, 319 [325 P.2d 103].) This presumption can be used when the witnesses are dead, unavailable, unable to testify or recollect, or are adverse or corrupt. (*Estate of Pitcairn, supra,* 6 Cal.2d at p. 732.) ■ Petitioner met her burden to establish due execution, even without the Wagenvoord transcript, by proving the decedent's signature and the signatures of the two witnesses on the 1993 will and the circumstances under which they signed.

## DISPOSITION

The order of February 13, 1996, admitting the 1993 will to probate is affirmed. Petitioner shall recover her costs on appeal.

Kitching, J., and Aldrich, J., concurred.