Filed 12/31/25  Estate of Carreira CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Siskiyou)

----

| | |
|---|---|
| Estate of DIANE CARREIRA, Deceased. | C101040 |
| SHARON LILINOE-DAVIS,<br><br>Petitioner and Respondent,<br><br>v.<br><br>EMILY MENDOZA,<br><br>Objector and Appellant. | (Super. Ct. No. SCCV-CVPB-2022-973) |

After decedent Diane Carreira died on August 26, 2022, appellant Emily Mendoza petitioned to admit to probate a document entitled "Power of Attorney and Last Will and Testament of Diane Carreira," dated August 23, 2022.  The probate court determined that the will was not valid because Carreira had not signed it.  The court found in the alternative that, even if Carreira had properly executed the document, it was still invalid under the conclusive presumption of fraud or undue influence that applies when the drafter of a will is also a beneficiary.  On appeal, Mendoza argues that there was

1

insufficient evidence to conclude that Carreira did not sign the will. Mendoza additionally contends that Carreira had testamentary capacity, understood the nature and extent of her property, and wanted Mendoza and her family to have it. We conclude substantial evidence supports the trial court's finding that Carreira did not sign the will and therefore affirm.

BACKGROUND

Carreira died on August 26, 2022. In September 2022, respondent Sharon Lilinoe-Davis, Carreira's sister, filed a Petition for Letters of Special Administration as to Carreira's estate. Mendoza objected and filed her own petition. The probate court appointed Lilinoe-Davis and Mendoza as co-special administrators. Mendoza then filed a Petition for Probate of Will and for Letters of Administration and attached a will that she claimed was signed by Carreira. Lilinoe-Davis objected to the will and filed her own Petition for Letters of Administration.

The probate court held a three-day trial in January and February 2024. Mendoza testified at trial that Carreira owned two pieces of property in Siskiyou County. In 2020, when Carreira was 70 years old, Mendoza and Mendoza's three teenage children moved into an apartment attached to Carreira's home. Mendoza and Carreira helped care for a friend of Carreira's who lived in and co-owned Carreira's other property. Eventually the friend moved in with Carreira, and Mendoza and her children moved into the other property. In 2020, Carreira sold a van and a truck to Mendoza and her son. Shortly before her death in 2022, Carreira signed the title to her car over to Mendoza's son. Carreira also made Mendoza the beneficiary of her life insurance policy and told her that she wanted her properties to go to Mendoza and Mendoza's children.

In the summer of 2022, Carreira, her friend, Mendoza, and Mendoza's children became ill with COVID-19. Mendoza assisted Carreira with household tasks such as cooking and shopping, although Mendoza did not take Carreira to the doctor or make any medical appointments for her. After Carreira's friend passed away, Mendoza asked

2

Carreira if " 'we had a will.' " Mendoza and Carreira agreed that Mendoza would prepare a power of attorney and will.

Mendoza testified that she drafted the will during a phone call with Carreira on the Monday before Carreira died. Carreira "pretty much" told her what to put in the will, although Mendoza "added details," including names and terminology. Mendoza testified that she took the document to Carreira, who signed it while inclined in bed. Mendoza said she was familiar with Carreira's signature and recognized the signature on the will as being hers.

Lilinoe-Davis testified that she was familiar with Carreira's signature and did not think the signature on the will was genuine. In particular, Carreira rarely dotted the "i" in her first name and wrote "2" with a straight base, rather than a loop. She also wrote the tail in "a" straight out or with a "sharpish kick up." The signature on the will had dotted "i's," a looped tail on the "a," and a loop in the "2" in the accompanying date. Lilinoe-Davis also said that the signature on the transferred car title was not Carreira's. On cross-examination, Lilinoe-Davis acknowledged that Carreira sometimes dotted the "i" in her first name. She also acknowledged that Carreira had a habit of adding friends to the titles of her properties and had done so before.

Patricia Fisher, an expert in handwriting analysis, testified that the signature on the will was not Carreira's. Fisher compared the signatures on the will and car title transfer with over 100 genuine samples of Carreira's signature, including signatures within the last two months of Carreira's life. She conducted a microscopic examination of the will signature and found poor line quality, evidence of nine changes of direction in one letter, and an unnatural pen lift between the "C" and "a" in "Carreira." There were also "blunt initial strokes" on the "D" and irregular dots over the "i's," suggesting that Carreira did not sign the will or car title. In Fisher's opinion, the same person likely signed both the car title and the will. Her opinion would not change if she knew Carreira was elderly, was ill with COVID-19, signed the will using a book while lying in an inclined position,

and died shortly thereafter. Fisher acknowledged on cross-examination that there have been occasions in the past when her opinions were incorrect; she was also familiar with another handwriting expert who had been critical of her work.

The probate court denied Mendoza's Petition for Probate of Will and for Letters of Administration. The court first considered whether the will was duly executed under Probate Code section 6110.[1] Although Mendoza testified that she saw Carreira sign the will, Lilinoe-Davis testified that the signature did not resemble Carreira's. Lilinoe-Davis also presented expert testimony that the signature was not authentic. The court found that "the weight of the evidence supports the conclusion that Ms. Carreira did not sign the purported will. It therefore fails to meet the requirements of Probate Code [section ]6110 and is not valid." The court concluded in the alternative that, even had the will been signed by Carreira, it was still invalid based on the presumption of fraud or undue influence under section 21380. Because Mendoza drafted the will and was also a beneficiary, that "presumption is conclusive." With Mendoza's proffered will invalid and with no evidence of any prior will still in effect, the court deemed Carreira to have died intestate. The court denied Mendoza's petition and granted Lilinoe-Davis's petition.

Mendoza filed a timely notice of appeal.

DISCUSSION

Mendoza contends that the probate court's findings are unsupported by substantial evidence. We conclude that her claim lacks merit.

As an initial matter, Lilinoe-Davis argues that Mendoza has waived any issues on appeal because the opening brief does not include all material evidence from trial in the statement of facts and misrepresents several facts from the record. We agree that the opening brief is deficient because it does not include a sufficient "summary of the significant facts" in the record and does not support its references using citations to the

---

[1] Undesignated statutory references are to the Probate Code.

record.  (Cal. Rules of Court, rule 8.204(a).)  This is particularly problematic because Mendoza asserts a lack of substantial evidence, which requires a party to " 'set forth, discuss, and analyze *all* the evidence on that point, *both favorable and unfavorable*.' " (*Pope v. Babick* (2014) 229 Cal.App.4th 1238, 1246.)  Nonetheless, while we could consider Mendoza's substantial evidence challenges waived, we exercise our discretion to address them.  (*Ibid.*)

"The right to dispose of property by will is entirely statutory." (*Estate of Saueressig* (2006) 38 Cal.4th 1045, 1048 [" 'The Legislature may withhold the right altogether, or impose any conditions or limitations upon it which it chooses' "].)  Under section 6110, a will must be in writing and must "be signed by one of the following: [¶]  (1) By the testator.  [¶]  (2) In the testator's name by some other person in the testator's presence and by the testator's direction.  [¶]  (3) By a conservator pursuant to a court order to make a will under Section 2580."  The will must also be signed by at least two people who witnessed "either the signing of the will or the testator's acknowledgment of the signature or of the will and . . . understand that the instrument they sign is the testator's will."  (§ 6110, subd. (c)(1).)  A "will shall be treated as if it was executed in compliance with [these witnessing requirements] if the proponent of the will establishes by clear and convincing evidence that, at the time the testator signed the will, the testator intended the will to constitute the testator's will."  (§ 6110, subd. (c)(2).)

"The question of the due execution of a will is one of fact, and the trial court's finding thereon will not be reversed on appeal if there is any substantial evidence to sustain it." (*Estate of Fletcher* (1958) 50 Cal.2d 317, 320; *Estate of Ben-Ali* (2013) 216 Cal.App.4th 1026, 1033.)  " 'Conflicts and even testimony which is subject to justifiable suspicion do not justify the reversal of a judgment, for it is the exclusive province of the trial judge or jury to determine the credibility of a witness and the truth or falsity of the facts upon which a determination depends.' " (*Estate of Harvey* (1956) 143 Cal.App.2d 368, 372.)

5

Substantial evidence supports the probate court's finding that Carreira did not sign the will that Mendoza proffered. Lilinoe-Davis's expert witness testified that Carreira's signature was not genuine based on several characteristics distinguishing the signature on the will from other known exemplars of Carreira's signature. These distinguishing characteristics were not explained by Carreira's illness or the fact that she purportedly signed the will in bed. Lilinoe-Davis also provided her own lay opinion that the signature on the will did not resemble Carreira's signature. The testimony of these two witnesses provided substantial evidence that the signature was not genuine. Mendoza emphasizes her own testimony that she saw Carreira sign the will, but it was within the probate court's purview to weigh the conflicting evidence. (*Estate of Clark* (1949) 93 Cal.App.2d 110, 119 [handwriting expert testimony provided substantial evidence to reject will, despite contrary testimony of other witnesses]; *Estate of Kisling* (1945) 68 Cal.App.2d 163, 166-167 [handwriting expert testimony and court's own examination of signature were substantial evidence to overcome contrary testimony of two witnesses].)

Because there is substantial evidence to support the probate court's finding that Carreira did not sign the will, we need not consider Mendoza's arguments concerning Carreira's intent or testamentary capacity, which appear to be directed at other requirements set forth in section 6110 and the probate court's alternative holding that the will, even if duly executed, was invalid as the presumptive product of fraud or undue influence. (See §§ 6110, subd. (c)(2) [if will lacks witnesses to its execution, proponent of will must establish that "at the time the testator signed the will, the testator intended the will to constitute the testator's will"], 21380 [fraud or undue influence].)

## DISPOSITION

The order refusing to admit the proffered will to probate is affirmed.  Lilinoe-Davis shall recover her costs on appeal.  (Cal. Rules of Court, rule 8.278(a)(2) & (4).)


_____/s/_____
FEINBERG, J.


We concur:


_____/s/_____
EARL, P. J.


_____/s/_____
RENNER, J.